LORETTA MORRELL, As Guardian Ad Litem for JONATHAN LONG and JOSHUA LONG, individually and on behalf of all others similarly situated v. DAVID T. FLAHERTY, in his official capacity as Secretary of the North Carolina Department of Human Resources and MARY DEYAMPERT, in her official capacity as Secretary of the North Carolina Division of Social Services

No. 9226SC200

(Filed 20 April 1993)

**Social Security and Public Welfare § 1 (NCI3d) — parents with children — grandchildren living in home — two AFDC assistance units — state policy against double payments in violation of federal policy**

Section 2100 of the North Carolina AFDC manual, which provides that, "A specified relative cannot be payee for more than one AFDC check," violates federal AFDC regulations, since federal regulations essentially prohibit the income from an adult who is not legally responsible for a dependent child from being assumed available to that child. Therefore, plaintiff appellee and her husband who were legally responsible for their nine children should be classified as one assistance unit, and plaintiff's two grandchildren who lived with her but for whom she was not legally responsible should be classified as a second assistance unit so that plaintiff would receive two AFDC checks; however, this holding applies only to the named plaintiff and other members of the class whose DSS mandated assistance unit contains not only dependent children who are not their siblings, but also an adult who is legally responsible for the non-sibling children, but not legally responsible for the class members.

Am Jur 2d, Welfare Laws § 15.

MORRELL v. FLAHERTY

[109 N.C. App. 628 (1993)]

Appeal by defendants from Order entered 25 November 1991 by Judge Forrest A. Ferrell in Mecklenburg County Superior Court. Heard in the Court of Appeals 4 February 1993.

*Legal Services of Southern Piedmont, Inc., by Douglas Stuart Sea, for plaintiff-appellee.*

*Attorney General Lacy Thornburg, by Assistant Attorney General Marilyn A. Bair, for defendants-appellants.*

WYNN, Judge.

Jonathan and Joshua Long are the minor children of Latrice Long Alexander and the grandchildren of the plaintiff, Loretta Morrell. Ms. Alexander married and has since moved out of state, leaving the children in Ms. Morrell's care for an unspecified period of time. While Ms. Alexander resided with her children, the three member family received Aid For Families with Dependent Children ("AFDC") benefits in the amount of $224 per month from the Mecklenburg County Department of Social Services ("DSS"). (The maximum grant for three people is $272; presumably the payment here was reduced to $224 due to part time earnings of Ms. Alexander). Ms. Alexander notified DSS that the children would no longer be in her care, but would instead be left in the care of Ms. Morrell. She, therefore, requested that Ms. Morrell be designated the payee for the children's AFDC benefits.

At about the time Joshua and Jonathan were left in her care, Ms. Morrell applied for AFDC benefits for herself, her husband and their nine minor children ("the Morrells"). DSS determined that Jonathan, Joshua, and the Morrells were all in need of AFDC benefits. For purposes of calculating the benefits to which they were entitled, DSS placed all thirteen people in one assistance unit. Thereafter, Ms. Morrell requested that Jonathan and Joshua be placed in one unit and her husband, children and she be placed in another unit. Ms. Morrell contended, and indeed the record tends to establish, that the effect of having all thirteen individuals in one assistance unit is to reduce by 40% the benefits they would receive if they were considered two assistance units. Jonathan and Joshua, as one two person unit, would receive $236, and the Morrells, as an eleven person unit, would receive $435. As one thirteen person unit, however, the household would receive only $483. Furthermore, any income earned by the Morrells would act to reduce the entire grant amount for the thirteen person unit,

MORRELL v. FLAHERTY

[109 N.C. App. 628 (1993)]

including Jonathan and Joshua, whereas with two units those earnings would reduce only the Morrells' grant.

DSS, in denying Ms. Morrell's request that the families be classified as two household units, relied upon Section 2100(II) of its AFDC Manual, which provides: "A specified relative cannot be payee for more than one AFDC check. Include all children who are under his day-to-day care and supervision in the same assistance unit." The plaintiffs brought a class action suit seeking a preliminary and permanent injunction of this policy, alleging that it violates the federal regulations regarding the disbursement of AFDC benefits. The certified class was defined as follows:

> All dependent children not living with a parent or other legally financially responsible relative for whom AFDC benefits are, have been, or will be denied, terminated, or reduced by a North Carolina County Department of Social Services based on the requirement that the children be included in a single AFDC assistance unit with other dependent children who are not their siblings.

Both parties filed motions for summary judgment and on 25 November 1991 the trial court entered summary judgment in favor of the plaintiffs, concluding that there was no genuine issue of material fact and that the defendants' AFDC Manual, § 2100(II), on its face and as applied to the plaintiffs, violates federal AFDC regulations found at 45 C.F.R. § 233.90(a)(1) (1992), 45 C.F.R. § 233.20(a)(3)(ii)(D) (1992), and 45 C.F.R. § 233.20(a)(2)(viii) (1992).

From the entry of summary judgment the defendants appealed.

---

The sole issue on appeal is whether Section 2100(II) of the AFDC Manual violates the federal AFDC regulations. The appellees argue that the policy violates 45 C.F.R. § 233.90(a)(1) (1992), 45 C.F.R. § 233.20(a)(3)(ii)(D) (1992), and 45 C.F.R. § 233.20(a)(2)(viii) (1992), which essentially prohibit the income from an adult, who is not legally responsible for a dependent child, from being assumed available to that child. We agree with the appellees that a policy requiring such an assistance unit violates the federal regulations. Therefore, we affirm the trial court's Order for summary judgment in their favor. We note, however, that our holding applies to the named plaintiffs and other members of the class whose DSS mandated assistance unit contains not only dependent children who

are not their siblings, but also an adult who is legally responsible for the non-sibling children, but not legally responsible for the class members. The following discussion, which sets forth our reasons for so holding, begins with a discussion of the history of AFDC and then examines the facts of this case in light of the relevant statutory and case law that has developed in recent years.

AFDC is a welfare program funded in North Carolina by federal, state, and county resources. The program was established to "encourage[ ] the care of dependent children in their own homes or in the homes of relatives . . . ." 42 U.S.C.A. § 601 (1991). By offering assistance to needy children and their caretakers, AFDC seeks "to help maintain and strengthen family life and to help . . . parents or relatives to attain or retain capability for the maximum self-support and personal independence consistent with the maintenance of continuing parental care and protection . . . ." *Id.* The program is designed specifically to provide assistance to the families of *dependent* children, those children of a designated age who are "deprived of parental support or care . . . [due to] the death, continued absence from the home . . . , or physical or mental incapacity of a parent and who [are] living with . . . [a parent or other designated relative] in a place of residence maintained . . . [as that parent's or relative's] home." *Id.* § 606(a); *see also King v. Smith*, 392 U.S. 309, 313, 20 L.Ed.2d 1118, 1123 (1968). The relative with whom the child lives is the "specified relative caretaker," and the "payee" for the AFDC benefits.

AFDC benefits are disbursed to "assistance units," composed of "all individuals whose needs, income, and resources are considered in determining eligibility for, and the amount of, an assistance payment . . . ." 45 C.F.R. § 205.40(a)(1) (1992). The amount of an AFDC grant is calculated based on the size of the assistance unit, with incremental increases as new members are added to the unit. Any income earned or received by one member of an assistance unit is properly deemed available to all other members and results in the grant to that unit being reduced accordingly. *See Bowen v. Gilliard*, 483 U.S. 587, 97 L.Ed.2d 485 (1987) (child support payments to one child in the assistance unit results in the reduction of the unit's AFDC grant).

The Deficit Reduction Act of 1984 amended the AFDC Act to require that a dependant child's assistance unit include his parents, siblings, and half-siblings, if such relatives reside in the same

household as the dependant child. 42 U.S.C.A. § 602(a)(38); *Gilliard*, 483 U.S. at 590, 97 L.Ed.2d at 493-94 (the provision does not violate any Constitutional rights). Also in the Deficit Reduction Act, Congress determined that a portion of the income of a child's grandparent, if the child's parent is a minor who lives in that grandparent's home, and of a child's stepparent must be considered available to the dependant child. 42 U.S.C.A. §§ 602(a)(31), (39). However, Congress enacted no rules mandating that any other relative be a part of the minor child's assistance unit or that the income of any other relative, or other adult who was not legally responsible for the child, be deemed available to the minor child.

The appellants contend that the State can mandate an assistance unit composition not required by federal law because the development of an AFDC program is largely within the discretion of the State. *See King v. Smith*, 392 U.S. at 318-19, 20 L.Ed.2d at 1126. This broad discretion granted the state in shaping its individual AFDC policy is not, however, unfettered. The pertinent limitation here is that the State may not expand the provisions of the Deficit Reduction Act unless it can do so without violating any federal rule or regulation. *See Beaton v. Thomas*, 913 F.2d 701, 703-04 (9th Cir. 1982) (court found invalid a Washington regulation where the Washington State Department of Social and Health Services argued that its regulation did not impute income but merely redefined assistance unit as allowed by the federal regulations).

The federal regulations clearly prohibit the income of a non-legally responsible adult, living in the same household as the dependant child, to be assumed available to that child. *But see* 42 U.S.C.A. §§ 602(a)(31), (39). The regulations provide that

> the inclusion in the family, or the presence in the home, of a "substitute parent" or "man-in-the-house" or *any individual other than [an adult who is legally responsible for the dependent child] is not an acceptable basis for a finding of ineligibility or for assuming the availability of income by the State.*

45 C.F.R. § 233.90(a)(1) (1992) (emphasis added). The regulations also prohibit reducing the amount of funding granted to a needy child "solely because of the presence in the household of *a non-legally responsible individual*; and the agency will not assume any contribution from such individual for the support of the assistance unit . . . ." 45 C.F.R. § 233.20(a)(2)(viii) (1992) (emphasis added). These provisions have been recognized and applied to AFDC policies

in various jurisdictions. *See, e.g., Van Lare v. Hurley*, 421 U.S. 338, 44 L.Ed.2d 208 (1975) (New York regulation reducing the shelter component of AFDC grant because of the presence in the household of a non-legally responsible adult held to be invalid absent some showing of actual contribution by that adult); *Lewis v. Martin*, 397 U.S. 552, 25 L.Ed.2d 561 (1970) (California rule reducing the amount of AFDC benefits based on the income of a stepfather or an adult male assuming the role of a spouse who was not legally responsible for the child held to be invalid) (it appears that this decision has been partially superseded by the Deficit Reduction Act of 1984, 42 U.S.C.A. § 602(a)(31), discussed *supra*); *King v. Smith*, 392 U.S. 309, 20 L.Ed.2d 1118 (1968) (Alabama regulation reducing AFDC benefits based on the presence of a "substitute father" who was not legally responsible for the dependent child held invalid absent a hearing that actual contributions were made to the assistance unit); *but see also Allen v. Hettleman*, 494 F. Supp. 854 (D. Md. 1980) (Maryland regulation requiring minor mother and her child to be included in assistance unit with grandmother and grandmother's other minor children found valid) (reliance on this decision is likely misplaced because its reasoning, like the *Lewis* case, is probably superseded by the Deficit Reduction Act of 1984, 42 U.S.C.A. § 602(a)(39) ).

The appellants find it notable that the aforementioned cases, unlike the case at bar, involve the income of an adult who is not the specified relative caretaker. They argue that this distinction is significant because "[e]ven though these relatives have no legal duty to support, once they become the specified relative caretaker, the statutory linkage created by Congress between this caretaker and child is as strong as between parent and child." In *MacInnes v. Commissioner of Public Welfare*, 593 N.E.2d 222 (Mass. 1992), the Massachusetts Supreme Court found that such a legal obligation did exist, stemming "from the Federal law requirement that the caretaker use all of the grant for the benefit of everyone in the assistance unit." *Id.* at 226; *see also* 42 U.S.C.A. § 605 (1991). This Court, however, finds that the legal obligation imposed on the relative caretaker is a legal obligation to use the AFDC grant for the benefit of the dependant child, not a legal obligation to make his or her own income available to the dependent child.

*Beaton v. Thompson*, 913 F.2d 701 (9th Cir. 1990) is directly on point with the case at bar. The Washington regulation at issue in that case provided that DSS "shall authorize only one assistance

unit grant for all needy eligible siblings and non-siblings living with a single caretaker relative or relative married couple." *Id.* at 702. The Ninth Circuit found the Washington policy to be invalid, based on its prior decision in *McCoog v. Hegstrom*, 690 F.2d 1280 (9th Cir. 1982), because it imputed income from a non-legally responsible adult to a dependent child. *McCoog* involved an Oregon regulation which required the shelter component of an AFDC grant to be reduced for a child who lived with a non-legally responsible adult, which adult did not himself receive benefits. The *McCoog* Court found that "it is improper for the state to assume that income and resources will be pooled to take advantage of the economies of scale." *Id.* at 1287. Without proof that the non-legally responsible, non-needy adult relative was making any actual contribution to the dependent child, that adult's income could not be presumed available for the needs of the child. *Id.* at 1286. The *Beaton* Court simply expanded the *McCoog* decision to include not only the non-needy relative, but also the needy relative who received AFDC benefits.

The appellants contend that *Beaton* is not a well-reasoned decision, is disavowed by the *McInnes* Court, and should not be followed by this Court. Interestingly, the DSS's policy is in line with the *McCoog* decision, upon which *Beaton* is based. Thus, as in *McCoog*, if the Morrells were not in need of AFDC benefits, Ms. Morrell could be the specified relative caretaker and designated payee for Jonathan and Joshua, who would receive $236 per month. The DSS policy has no requirement that a non-needy relative caretaker and her children be included in a dependant child's assistance unit. The Morrells income, therefore, could not be assumed available to Jonathan and Joshua. Moreover, if Ms. Alexander resided with Jonathan and Joshua in the same household as the Morrells, she and the boys could receive benefits as a three person unit and the Morrells could receive benefits as a separate eleven person unit. It is only in the situation where there is one caretaker or married couple who receives benefits on behalf of a group of non-sibling children that the policy at issue applies.

The practical effect of this policy is that a person receiving benefits for himself and his children, for whom he is legally responsible, cannot receive benefits for other children whom he has taken in and for whom he is not legally responsible, unless he makes them a part of his already existing AFDC unit. By making those children a part of an already existing unit, the household receives

only an incremental increase in benefits based on the concept of economies of scale. Thus, the policy discourages needy people from taking in dependent relatives, frustrating the very purpose of the AFDC program, a program designed to keep dependent children with their families.

This Court agrees with the Ninth Circuit decisions, despite the appellants' objection to *Beaton*, and finds them well-reasoned and persuasive in our resolution of the present case. We hold, therefore, that the DSS policy at issue violates the federal regulations against imputing income from a non-legally responsible adult to a dependant child. In so holding, we do not find that the income from a non-legally responsible relative caretaker can *never* be considered in determining a child's eligibility to receive AFDC, only that such income cannot be *assumed* available to the child. To conclude otherwise would allow the State to circumvent the federal regulations governing AFDC grants, which this Court finds impermissible.

The federal regulations provide that "income and resources are considered available both when actually available and when the applicant or recipient has a legal interest in a liquidated sum and has the legal ability to make such sum available for support and maintenance." 45 C.F.R. § 233.20(a)(3)(ii)(D). "Regular and actual contributions" to a dependent child, regardless of their source, therefore, must be considered in determining the child's eligibility, but such contributions must actually be available. *King*, 392 U.S. at 319, 20 L.Ed.2d at 1127. "This regulation properly excludes from consideration resources which are merely assumed to be available to the needy individual." *Id.* at 319, n.16, 20 L.Ed.2d at 1127, n.16 (citations omitted).

We note in conclusion that there is no issue before this Court as to whether the Morrells made actual contributions to Jonathan and Joshua, and we therefore make no decision regarding that issue. *See Beaver v. Hampton*, 333 N.C. 455, 427 S.E.2d 317 (1993).

For the foregoing reasons, the decision of the trial court is,

Affirmed.

Judges EAGLES and ORR concur.