Verna EDWARDS, Guardian Ad Litem for Verna Edwards, Pamela Edwards and Ericka Edwards; Barbara Moore, Guardian Ad Litem for Rebiana Robi; Derral Robi, Delisha Jaa and Rayleisha Taylor et al., Plaintiffs–Appellees,

v.

John HEALY, in his official capacity as Acting Director of the California Department of Social Services; Thomas Hayes, in his official capacity as Director, California Department of Finance, Defendants–Appellants.

No. 92–16051.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 4, 1993 *.

Decided Dec. 1, 1993.

Katherine E. Meiss, Western Center on Law & Poverty, Yolanda Vera, Legal Aid Foundation of Los Angeles, Los Angeles, CA, Jodie Berger, Legal Aid Society of Alameda County, Oakland, CA, Alice Bussiere/Pat · McElroy, Nat. Center for Youth Law, San Francisco, CA, for plaintiffs-appellees.

Mateo Munoz, Deputy Atty. Gen., Sacramento, CA, for defendants-appellants.

Before: CANBY, and NOONAN, Circuit Judges and ORRICK,** District Judge.

CANBY, Circuit Judge:

The plaintiffs in this case are a class of applicants or recipients for Aid to Families with Dependent Children ("AFDC") who live in households comprised of two or more non-sibling dependent children and a single caretaker relative, or a relative married couple.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

** The Honorable William H. Orrick, Senior United States District Judge for the Northern District of California, sitting by designation.

They challenge regulations of the California Department of Social Services, MPP § 44–205.31 and its successor, § 82–824.1. Those regulations combine into one "assistant unit" or "family budget unit" AFDC recipients in the position of plaintiffs. Plaintiffs contend that the challenged regulations violate federal law and regulations by improperly presuming that the resources of a caretaker will be made available to all of the children within his or her care even though the caretaker is not legally responsible for their support.

In *Beaton v. Thompson,* 913 F.2d 701 (9th Cir.1990), this court held invalid a virtually identical regulation of the State of Washington as inconsistent with federal law and regulation. The defendants here, the Director of the California Department of Social Services and the Director of the California Department of Finance, argue that *Beaton* was erroneously decided and should be overruled. We do not necessarily agree with that contention, but at this point it would make no difference if we did. This panel has no authority to overrule or disregard *Beaton;* that could only be accomplished by an en banc court. We therefore adhere to the ruling of *Beaton.*

Defendants argue that *Beaton* is distinguishable because certain state "interests" were not made clear to the court in *Beaton,* and the decision of the United States Supreme Court in *Bowen v. Gilliard,* 483 U.S. 587, 107 S.Ct. 3008, 97 L.Ed.2d 485 (1987), was not adequately taken into account. These purported distinctions are far too insubstantial to overcome the *stare decisis* effect of *Beaton.* Defendants present to us the same position urged by the State of Washington in *Beaton,* with merely a change in emphasis.

We conclude, therefore, that *Beaton* controls this case. The judgment of the district court invalidating the regulations is

AFFIRMED.