LORETTA MORRELL, As GUARDIAN AD LITEM FOR JONATHAN LONG AND JOSHUA LONG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED v. DAVID T. FLAHERTY, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES AND MARY DEYAMPERT, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE NORTH CAROLINA DIVISION OF SOCIAL SERVICES

No. 203PA93

(Filed 3 November 1994)

**Social Services and Public Welfare § 17 (NCI4th)— AFDC benefits—siblings and non-siblings as one assistance unit— policy not violative of federal statutes and regulations**

The policy of the N.C. Division of Social Services under the AFDC program which requires that a needy caretaker relative and all needy children, siblings and non-siblings, when living in the same household, be included in the same AFDC assistance unit does not contravene federal statutes and regulations prohibiting a state from assuming the availability of income to an AFDC claimant without determining that it has actually been contributed to the claimant if it is assumed to have come from a person who is not a member of the assistance unit and who is not legally responsible for supporting the child. Nor does this policy conflict with federal regulations that mandate equitable treatment for AFDC recipients. Therefore, where plaintiff, her husband, her nine children, and her two grandchildren live in the same household, and plaintiff is the specified relative caretaker

legally obligated to spend the AFDC funds to benefit all of the dependent children in her household, the DSS was not required to consider plaintiff's grandchildren as a separate assistance unit and properly provided plaintiff with a single thirteen-person grant.

**Am Jur 2d, Welfare Laws §§ 15 et seq.**

**Supreme Court's views as to construction and application of Aid to Families with Dependent Children (AFDC) provisions of Social Security Act (42 USCS §§ 601-615). 84 L. Ed. 2d 917.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a decision of the Court of Appeals, 109 N.C. App. 628, 428 S.E.2d 492 (1993), affirming an order of summary judgment for plaintiff entered 25 November 1991 by Ferrell, J., and modifying an order certifying a class entered 30 September 1991 by Downs, J., both in Superior Court, Mecklenburg County. Heard in the Supreme Court 7 December 1993.

*Legal Services of Southern Piedmont, Inc., by Douglas S. Sea and Theodore O. Fillette, for plaintiff.*

*Michael F. Easley, Attorney General, by Marilyn A. Bair, Assistant Attorney General, and Elizabeth L. Oxley, Associate Attorney General, for defendants.*

WHICHARD, Justice.

Plaintiff Loretta Morrell brought this class action as guardian ad litem for two plaintiffs, minor children Jonathan and Joshua Long, to challenge the validity of a policy promulgated by the North Carolina Division of Social Services (hereinafter "DSS") under the Aid to Families with Dependent Children program (hereinafter "AFDC"). The trial court held that the policy—which requires that a needy caretaker relative and all needy children, siblings and non-siblings, when living in the same household, be included in the same AFDC assistance unit—violated federal AFDC availability regulations. The court issued a permanent injunction and a declaratory judgment in favor of plaintiff. The Court of Appeals affirmed the judgment but modified the definition of the certified class. *Morrell v. Flaherty*, 109 N.C. App. 628, 630-31, 428 S.E.2d 492, 494 (1993). The dispositive question is whether defendant agency's policy contravenes federal availability regulations, as well as federal regulations that mandate equitable

treatment for AFDC recipients. We hold that the policy does not contravene any federal regulation. Accordingly, we reverse.

I.

AFDC is a public assistance program funded and administered jointly by the federal and state governments under Title IV, Part A of the Social Security Act (hereinafter the "Act"). 42 U.S.C. §§ 601-17 (1988 & Supp. IV 1993). States are not required to participate, but those states that do must administer their AFDC programs pursuant to a state plan that complies with federal statutes and regulations. *Heckler v. Turner*, 470 U.S. 184, 189, 84 L. Ed. 2d 138, 143 (1985).

AFDC assistance is available to children who have been deprived of parental support because of the death, absence or incapacity of a parent; who live with certain specified relatives; and who satisfy age requirements and state-determined financial need standards. 42 U.S.C. §§ 602(a), 606(a). If the caretaker relative is also needy, he or she may also receive AFDC benefits in addition to those received by eligible dependent children. 42 U.S.C. § 602(a).

Before assistance can be granted, states must determine the composition of the assistance unit and then establish eligibility for need of that assistance unit, which includes determining the income and resources available to members of the unit. Pursuant to section 402(a)(38) of the Act, 42 U.S.C. § 602(a)(38), and section 206.10(a)(1)(vii) of the regulations promulgated pursuant thereto, 45 C.F.R. § 206.10(a)(1)(vii) (1993), an application on behalf of a dependent child must also include in a single assistance unit, as applicants, if living in the same household as the dependent child, his or her natural or adoptive parent or stepparent (where the state has a law of general applicability holding a stepparent legally responsible for support of the child) and blood-related or adoptive siblings who are themselves dependent children.

Section 402(a)(7)(A) of the Act provides:

[T]he State agency . . . shall, in determining need, take into consideration any other income and resources of any child or relative claiming [AFDC], or of any other individual (living in the same home as such child and relative) *whose needs the State determines should be considered in determining the need of the child or relative claiming such aid . . . .*

42 U.S.C. § 602(a)(7)(A) (emphasis added). Section 206.10(b)(5) of the regulations states that the assistance unit is "the group of individuals whose income, resources and needs are considered as a unit for purposes of determining eligibility and the amount of payment." 45 C.F.R. § 206.10(b)(5) (1993).

North Carolina's state plan requires that a needy caretaker relative and all needy children, siblings and non-siblings, when living in the same household, be included in the same assistance unit. *AFDC Manual* § 2100 II (N.C. Department of Human Resources, Division of Social Services, Public Assistance Section, 1991) ("A specified relative cannot be payee for more than one AFDC check. Include all children who are under his day-to-day care and supervision in the same assistance unit."). The State awards AFDC assistance according to the size of the assistance unit without regard to the actual cost of food, shelter, clothing and other expenses. This is called a "flat grant" system. Recognizing the economies generated by families sharing living expenses, the amount of assistance for each person added to an assistance unit is less than the amount awarded to a one-person unit. For example, an assistance unit consisting of one person receives $181; two persons, $236; three persons, $272; four persons, $297; five persons, $324; etc. Because of this feature of the plan, an assistance unit of five persons, for example, receives an AFDC grant which is smaller than the total grant received by two separate assistance units made up of two and three persons respectively.

Jonathan and Joshua Long are the minor children of Latrice Long Alexander and the grandchildren of plaintiff. Prior to May 1991 they resided with their mother in their plaintiff grandmother's household and received AFDC benefits in the amount of $224 per month from the Mecklenburg County Department of Social Services (hereinafter "Mecklenburg DSS"). In May 1991 Alexander notified Mecklenburg DSS that the children would be left in plaintiff's care, and asked that plaintiff be designated the payee for the children's AFDC payments. At approximately the same time, plaintiff applied for a separate AFDC grant for herself, her husband, and their nine minor dependent children. Mecklenburg DSS determined that all thirteen persons were eligible for AFDC benefits but, pursuant to policy 2100 II, provided plaintiff with a single thirteen-person AFDC grant of $483 per month instead of an eleven-person grant for herself, her husband and her children, and a separate two-person grant for the grandchildren.

MORRELL v. FLAHERTY

[338 N.C. 230 (1994)]

On 24 June 1991 plaintiff commenced this action on behalf of herself and all others similarly situated. She contends that because she was not legally responsible under state law for the support of her grandchildren, they should be treated as a separate assistance unit. Plaintiff estimates that had her grandchildren been so treated, the household would have received grants totaling $671 per month instead of the $483 provided under the policy. Plaintiff sought declaratory and injunctive relief invalidating the policy on the basis that it contravened certain federal statutes and regulations prohibiting the State from assuming the availability of income to an AFDC claimant without determining that it has actually been contributed to him or her, if it is assumed to have come from a person who is not legally responsible for supporting the child, 45 C.F.R. §§ 233.20(a)(2)(viii), 233.20(a)(3)(ii)(D), 233.90(a)(1) (1993),[1] and

---

1. Section 233.20(a)(2)(viii) provides, in pertinent part, that a state plan for AFDC must

[p]rovide that the money amount of any need item included in the standard will not be prorated or otherwise reduced solely because of the presence in the household of a non-legally responsible individual; and the agency will not assume any contribution from such individual for the support of the assistance unit except as provided in paragraphs (a)(3)(xiv) and (a)(5) of this section and [section] 233.51 of this part.

45 C.F.R. § 233.20(a)(2)(viii) (1993). (Section 233.20(a)(3)(xiv) deals with stepparents, and section 233.51, with sponsored aliens; they are not pertinent here. Section 233.20(a)(5) states that a state plan for AFDC must "[p]rovide that the State agency may prorate allowances in the need and payment standards for shelter, utilities, and similar needs when the AFDC assistance unit lives together with other individuals as a household . . . .").

Section 233.20(a)(3)(ii)(D) provides in pertinent part:

To the extent not inconsistent with any other provision of this chapter, income and resources are considered available both when actually available and when the applicant or recipient has a legal interest in a liquidated sum and has the legal ability to make such sum available for support and maintenance.

45 C.F.R. § 233.20(a)(3)(ii)(D).

Section 233.90(a)(1) provides in pertinent part:

The determination whether a child has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent, or (if the State plan includes such cases) the unemployment of his or her parent who is the principal earner will be made only in relation to the child's natural or adoptive parent, or in relation to the child's stepparent who is married, under State law, to the child's natural or adoptive parent and is legally obligated to support the child under State law of general applicability which requires stepparents to support stepchildren to the same extent that natu-

MORRELL v. FLAHERTY

[338 N.C. 230 (1994)]

also on the basis that it contravened the regulations requiring equitable treatment of AFDC recipients. 45 C.F.R. § 233.10(a)(1) (1993).[2] Plaintiff also sought costs and attorney's fees pursuant to 42 U.S.C. § 1988 (Supp. IV 1993).

On 30 September 1991 the trial court certified the class. It defined the class to include: All dependent children not living with a parent or other legally financially responsible relative for whom AFDC benefits are, have been, or will be denied, terminated, or reduced by a North Carolina County Department of Social Services based on the requirement that the children be included in a single AFDC assistance unit with other dependent children who are not their siblings. On 25 November 1991 it entered summary judgment in favor of plaintiff, finding that the policy on its face and as applied violates federal regulations 45 C.F.R. §§ 233.90(a)(1), 233.20(a)(2)(viii), and 233.20(a)(3)(ii)(D). Based on this finding, the court invalidated the policy and permanently enjoined defendants from continuing to enforce it; ordered defendants to ensure that all class members would be provided AFDC benefits as separate units from other children living in the same home who were not their siblings; and precluded defendants from considering in computing AFDC benefits any of the income, except for actual contributions made by them, of non-legally responsible relatives.

---

ral or adoptive parents are required to support their children. *Under this requirement,* the inclusion in the family, or the presence in the home, of a "substitute parent" or "man-in-the-house" or any individual other than one described in this paragraph is not an acceptable basis for a finding of ineligibility or for assuming the availability of income by the State . . . .

45 C.F.R. § 233.90(a)(1) (emphasis added).

2. Section 233.10(a)(1) provides, in pertinent part:

A State plan under title . . . IV-A . . . of the Social Security Act must:

(1) Specify the groups of individuals, based on reasonable classifications, that will be included in the program, and all the conditions of eligibility that must be met by the individuals in the groups. The groups selected for inclusion in the plan and the eligibility conditions imposed must not exclude individuals or groups on an arbitrary or unreasonable basis, *and must not result in inequitable treatment of individuals or groups* in the light of the provisions and purposes of the public assistance titles of the Social Security Act.

45 C.F.R. § 233.10(a)(1) (1993) (emphasis added).

On this appeal, plaintiffs also cite section 233.20(a)(2)(iii), which provides in pertinent part that a state plan for AFDC must "[p]rovide that the standard will be uniformly applied throughout the State . . . ." 45 C.F.R. § 233.20(a)(2)(iii) (1993).

Defendants appealed to the Court of Appeals. As noted, the Court of Appeals affirmed that judgment.[3] *Morrell*, 109 N.C. App. at 635, 428 S.E.2d at 497. Relying upon *Beaton v. Thompson*, 913 F.2d 701 (9th Cir. 1990), in which the Court of Appeals for the Ninth Circuit invalidated a substantially similar Washington state regulation, the court concluded that

> [b]y making those children a part of an already existing [AFDC assistance] unit, the household receives only an incremental increase in benefits based on the concept of economies of scale. Thus, the policy discourages needy people from taking in dependent relatives, frustrating the very purpose of the AFDC program, a program designed to keep dependent children with their families.

*Morrell*, 109 N.C. App. at 634-35, 428 S.E.2d at 496. The court held that "the DSS policy at issue violates the federal regulations against imputing income from a non-legally responsible relative adult [caretaker] to a dependent child." *Id.* at 635, 428 S.E.2d at 497. The court clarified that its holding did not preclude the agency from determining that the income and resources of the needy relative caretaker were actually available for the support of the dependent child. *Id.*

Both defendants and plaintiffs petitioned this Court for discretionary review. On 1 July 1993 we allowed both petitions and defendants' motion for a temporary stay of the judgment of the Court of Appeals.

II.

As noted, AFDC is a public assistance program funded and administered by the federal and state governments that requires states choosing to participate to administer their state plans in conformity with federal statutes and regulations. *Heckler*, 470 U.S. at 189, 84 L. Ed. 2d at 143. "[T]he starting point of the statutory analysis must be a recognition that the federal law gives each State great latitude in dispensing its available funds." *Dandridge v. Williams*, 397 U.S. 471,

---

3. The court, however, limited the class to include only:

[N]amed plaintiffs and other members of the class whose DSS mandated assistance unit contains not only dependent children who are not their siblings, but also an adult who is legally responsible for the non-sibling children, but not legally responsible for the class members.

*Morrell*, 109 N.C.App. at 630-31, 428 S.E.2d at 494.

MORRELL v. FLAHERTY

[338 N.C. 230 (1994)]

478, 25 L. Ed. 2d 491, 498 (1970). " '[S]o long as the State's actions are not in violation of any specific provision of the Constitution or the Social Security Act,' the courts may not void them." *New York Dept. of Social Services v. Dublino*, 413 U.S. 405, 423 n.29, 37 L. Ed. 2d 688, 700 n.29 (1973) (quoting *Jefferson v. Hackney*, 406 U.S. 535, 541, 32 L. Ed. 2d 285, 293 (1972)).

Defendants basically argue that the Court of Appeals failed to accord the deference due to the interpretation of the statutory scheme propounded by the Department of Health and Human Services (hereinafter "HHS"), the agency responsible for administering the Act and drafting the regulations, and that their policy does not conflict with the federal regulations the Court of Appeals cited to invalidate it. We agree.

Subsequent to the ruling by the trial court, the decision of the Court of Appeals, and the argument of this appeal, HHS issued Action Transmittal No. ACF-AT-94-6 (16 March 1994) "restat[ing] the policy governing the authority of State agencies to consolidate assistance units in certain situations and . . . clarify[ing] that such a consolidation does not conflict with the Federal regulations that prohibit assuming the availability of income from certain persons without actually determining that it has been contributed." *Id.* at 1. In response to "several recent challenges to State practices concerning consolidation of assistance units," *id.*, HHS clarified that "[a]part from complying with [42 U.S.C. § 602(a)(38) and 45 C.F.R. § 233.20(a)(1)(iii)[4]], States are authorized to set the State-wide policy, to be applied to all cases, whether and under what conditions two or more assistance units in the same household are to be consolidated or retained as separate units." *Id.* at 2 (citing Action Transmittal No. SSA-AT-86-1 (13 January 1986); 57 Fed. Reg. 30132, 30136-30137 (8 July 1992)). HHS specifically concluded that those regulations, cited as invalidating defendants' policy in this case, "do not conflict with the State policy option to consolidate assistance units in the same household." *Id.* at 3.

"It is well established 'that an agency's construction of its own regulations is entitled to substantial deference.' " *Martin v. OSHRC*, 499 U.S. 144, 150-51, 113 L. Ed. 2d 117, 127 (1991) (quoting *Lyng v. Payne*, 476 U.S. 926, 939, 90 L. Ed. 2d 921, 934 (1986)).

4. Section 233.20(a)(1)(iii) provides that, when a person is required to be included in two or more assistance units in the same household, these units must be consolidated and treated as one for purposes of determining eligibility and the amount of payment.

Our task is not to decide which among several competing interpretations best serves the regulatory purpose. Rather, the agency's interpretation must be given " 'controlling weight unless it is plainly erroneous or inconsistent with the regulation.' " [*Udall v. Tallman,* 380 U.S. 1, 16-17, 13 L. Ed. 2d 616, 625-26 (1965) (quoting *Bowles v. Seminole Rock & Sand Co.,* 325 U.S. 410, 414, 89 L. Ed. 1700, 1702 (1945).] In other words, we must defer to the Secretary's interpretation unless an "alternative reading is compelled by the regulation's plain language or by other indications of the Secretary's intent at the time of the regulation's promulgation." *Gardebring v. Jenkins,* 485 U.S. 415, 430, 99 L. Ed. 2d 515, [528] (1988). This broad deference is all the more warranted when, as here, the regulation concerns "a complex and highly technical regulatory program," in which the identification and classification of relevant "criteria necessarily require significant expertise and entail the exercise of judgment grounded in policy concerns." *Pauley v. BethEnergy Mines, Inc.,* 501 U.S. 680, 697, 115 L. Ed. 2d 604, [624] (1991).

*Thomas Jefferson Univ. v. Shalala,* —— U.S. ——, ——, 129 L. Ed. 2d 405, 415 (1994) (approving the Secretary of HHS's interpretation of certain Medicare regulations). Broad deference is equally warranted in this case because "AFDC is certainly a complex and highly technical regulatory program, and the issue at hand, which involves the allocation of limited AFDC resources, necessarily entails the exercise of judgment grounded in policy concerns." *Wilkes v. Gomez,* 32 F.3d 1324, 1329 (8th Cir. 1994) (holding that substantially similar Minnesota state regulation, which consolidates non-sibling AFDC recipient children who reside with a single adult caretaker into a single assistance unit, is not inconsistent with federal statutes and regulations). For the foregoing reasons and reasons that follow, we defer to HHS's interpretation of the regulations as plausible and consistent with their language, and hold that "an 'alternative reading is [not] compelled by the regulation[s'] plain language or by other indications of the Secretary's intent at the time of the regulation[s'] promulgation." *Thomas Jefferson Univ. v. Shalala,* —— U.S. at ——, 129 L. Ed. 2d at 415.

Section 233.20(a)(2)(viii) provides that the money amount of any need item will not be reduced "solely because of the presence *in the household* of a non-legally responsible individual; and the agency will not assume any contribution from such individual for the support *of the assistance unit* [with certain exceptions]." 45 C.F.R. § 233.20(a)(2)(viii) (emphasis added). Defendant agency contends,

and we agree, that by its express terms this regulation precludes the states from assuming, without actually determining, that there will be available to the dependent children in the assistance unit the income or resources of an individual who lives in the household but is not a member of the assistance unit and is not legally responsible for the support of any of the members thereof.

Section 233.20(a)(3)(ii)(D) provides that, when determining the income and resources of individuals in the assistance unit, income and resources are considered available both when actually available to a member of the assistance unit and when the member has a legal interest in a liquidated sum and the legal ability to make it available for support of that member. By its express terms, this regulation prohibits the states from counting as available to the assistance unit income or resources that are not actually or legally available to any of the members thereof.

Section 233.90(a)(1) provides that when the State is making the determination about whether a child has been deprived of parental support or care, the State will consider as a "parent" *for this purpose* only the child's natural or adoptive parent or a stepparent who is married under state law to the child's natural or adoptive parent, if that stepparent is legally obligated under state law to support the child to the same extent as the natural or adoptive parents. Specifically, the presence in the household of a "substitute parent" or "man-in-the-house" or "any individual other than one described in this paragraph" is not an acceptable basis for assuming the availability of parental income or resources for support if that individual does not meet the terms of the immediately foregoing sentence. Defendant agency contends, and we again agree, that by its terms this regulation precludes the State from finding an applicant ineligible for AFDC assistance because it finds that, due to the presence of such an individual, the applicant child is not deprived of parental support. We agree that these regulations are intended to prohibit the State from counting as available to the assistance unit income or resources that are not actually or legally available to one of the members of the unit.[5] Instead,

---

5. HHS states that, in 1981, this section was revised to eliminate another sentence that had provided:

> In establishing financial eligibility and the amount of the assistance payment, only such net income as is actually available for current use on a regular basis will be considered, and the income only of the parent described in the first sentence of this paragraph will be considered available for children in the household in the absence of proof of actual contributions.

the Act and regulations promulgated pursuant thereto expressly require that all income and resources of all members of the assistance unit be counted to consider the need, eligibility and amount of payment to the unit. 42 U.S.C. § 602(a)(7)(A); 45 C.F.R. § 206.10(b)(5).

The Department of Health, Education and Welfare (hereinafter "HEW"), predecessor to HHS, promulgated these regulations to implement the Supreme Court's decisions in *King v. Smith*, 392 U.S. 309, 20 L. Ed. 2d 1118 (1968), *Lewis v. Martin*, 397 U.S. 552, 25 L. Ed. 2d 561 (1970), and *Van Lare v. Hurley*, 421 U.S. 328, 44 L. Ed. 2d 208 (1975). We agree with the Second Circuit Court of Appeals that the Supreme Court was concerned about the imputation of income from non-AFDC sources; *King, Lewis* and *Van Lare* invalidated state regulations presuming that non-AFDC recipients would contribute to the support of members of an assistance unit with whom they shared a household because, absent some legal responsibility, such support might not be forthcoming. *Bray v. Dowling*, 25 F.3d 135, 144 (2d Cir. 1994). *See King*, 392 U.S. 309, 20 L. Ed. 2d 1118 (disapproving Alabama's "substitute father" regulation, under which AFDC assistance was denied to the children of a mother who cohabits with a man who was not the children's father, in or outside her home, because the regulation defined "parent" in a manner inconsistent with the Act, 42 U.S.C. § 606(a)); *Lewis*, 397 U.S. 552, 25 L. Ed. 2d 561 (invalidating a California state regulation that presumed contribution of non-AFDC resources by a non-legally responsible nonadoptive stepfather or "common law" husband of an AFDC recipient's mother); *Van Lare*, 421 U.S. 328, 44 L. Ed. 2d 208 (invalidating New York's "lodger" regulation that reduced *pro rata* the shelter allowance provided an AFDC assistance unit that lived in the same household as a nonpaying lodger).

Pursuant to section 405 of the Act,[6] North Carolina law requires that the caretaker use the AFDC grant for the benefit of the depend-

Action Transmittal No. ACF-AT-94-6 at 5 (citing 46 Fed. Reg. 46750, 46768 (21 September 1981)). "With this change, we have made clear that section 233.90 does *not* require that income of members of the assistance unit must be proven to be actually contributed to other members." *Id.* at 6 (emphasis in original).

6. Section 405 of the Act provides:

Whenever the State agency has reason to believe that any payments of aid to families with dependent children made with respect to a child are not being or may not be used in the best interests of the child, the State agency may provide for such counseling and guidance services with respect to the use of such payments and the management of other funds by the relative receiving such payments as it

ent child, and provides for the appointment of a protective payee or personal representative:

> Whenever a county director of social services shall determine that a recipient of assistance is unwilling or unable to manage such assistance to the extent that deprivation or hazard to himself or others results, the director shall file a petition before a district court or the clerk of superior court in the county alleging such facts and requesting the appointment of a personal representative to be responsible for receiving such assistance and to use it for the benefit of the recipient.

N.C.G.S. § 108A-37(a) (1988) ("Personal representative for mismanaged public assistance").[7] We agree with the Second Circuit Court of Appeals that

> [t]his legal obligation to spend the grant on behalf of the children in the AFDC unit distinguishes this case from those involving presumption of support from outside [non-AFDC] income. The state law obligation to spend the AFDC funds in the children's best interests "makes it reliably certain that [t]his income is actually available for the support of the children in the household."

*Bray*, 25 F.3d at 144-45 (quoting *Lewis*, 397 U.S. at 558, 25 L. Ed. 2d at 566) (citation omitted).

---

deems advisable in order to assure use of such payments in the best interests of such child, and may provide for advising such relative that continued failure to so use such payments will result in substitution therefor of protective payments as provided under section 406(b)(2) [42 U.S.C. § 606(b)(2)], or in seeking appointment of a guardian or legal representative as provided in section 1111 [42 U.S.C. § 1311], or in the imposition of criminal or civil penalties authorized under State law if it is determined by a court of competent jurisdiction that such relative is not using or has not used for the benefit of the child any such payments made for that purpose; and the provision of such services or advice by the State agency (or the taking of the action specified in such advice) shall not serve as a basis for withholding funds from such State under section 404 [42 U.S.C. § 604] and shall not prevent such payments with respect to such child from being considered aid to families with dependent children.

42 U.S.C. § 605.

7. Alternatively,

[i]nstead of the use of personal representatives provided for by G.S. 108A-37, when necessary to comply with any present or future federal law or regulation in order to obtain federal participation in public assistance payments, the payments may be made direct to vendors to reimburse them for goods and services provided the applicants or recipients, and may be made to protective payees who shall act for the applicant or recipient for receiving and managing assistance.

N.C.G.S. § 108A-38 (1988) ("Protective and vendor payments").

MORRELL v. FLAHERTY

[338 N.C. 230 (1994)]

Plaintiff urges us to follow the decision of the Ninth Circuit in *Beaton v. Thompson*, 913 F.2d 701.[8] However, *Beaton* relied upon *Gurley v. Wohlgemuth*, 421 F. Supp. 1337 (E.D. Pa. 1976), and an earlier Ninth Circuit decision, *McCoog v. Hegstrom*, 690 F.2d 1280 (9th Cir. 1982). *Gurley* invalidated the application of a Pennsylvania state regulation, requiring that all AFDC recipients living in a household (except for boarders and their dependents) be combined into a single assistance unit, to a case where two sisters lived in a single household with minor children entitled to AFDC assistance, for whom the sisters were separately responsible. *Gurley*, 421 F. Supp. at 1338 & n.2. The court held that the regulation violated section 233.90(a) of the federal regulations because each sister "only ha[d] an obligation to spend the [AFDC] funds to benefit the children for whom . . . she is the specified relative, not to benefit some other AFDC child." *Id.* at 1346. In contrast, plaintiff is the specified relative caretaker legally obligated to spend the AFDC funds to benefit all the dependent children in her household. "*McCoog* involved Oregon regulations that reduced the shelter component of the AFDC grant when children receiving benefits lived with non-legally responsible relatives who were not receiving benefits." *Beaton*, 913 F.2d at 703-04. We agree with the Second Circuit that *Beaton* is unpersuasive: "In relying upon *McCoog* and *Gurley*, *Beaton* did not recognize or discuss the distinction between a single caretaker who is obligated to expend AFDC funds for the benefit of all the minor children in her household and a non-legally responsible individual who has no corresponding obligation." *Bray*, 25 F.3d at 145; *see also Wilkes*, 32 F.3d at 1330.

For these reasons, we conclude that HHS's interpretation of the regulations is "faithful to the regulations' plain language," *Thomas Jefferson Univ.*, —— U.S. at ——, 129 L. Ed. 2d at 418, and that these regulations—45 C.F.R. §§ 233.20(a)(2)(viii), 233.20(a)(3)(ii)(D), and 233.90(a)(1)—were intended to preclude the State from assuming the availability of income to an AFDC claimant without determining that it has actually been contributed to the claimant, if it is assumed to have come from an individual *who is not a member of the assistance*

---

8. Plaintiff also relies upon two recently reversed federal district court decisions, *Bray v. Kaladjian*, No. 90-CV-831, 1992 WL 106322 (N.D.N.Y. May 5, 1992), *rev'd sub nom Bray v. Dowling*, 25 F.3d 135 (2d Cir. 1994), and *Wilkes v. Steffen*, 831 F. Supp. 723 (D. Minn. 1993), *rev'd sub nom Wilkes v. Gomez*, 32 F.3d 1324 (8th Cir. 1994); and another Ninth Circuit decision, *Edwards v. Healy*, 12 F.3d 154 (9th Cir. 1993), *cert. granted sub nom Anderson v. Healy*, 63 U.S.L.W. 3213 (U.S. Sep. 26, 1994) (No. 93-1883). *Edwards* simply follows *Beaton*.

*unit* and who is not legally responsible for supporting the child. We hold that defendant agency's policy consolidating assistance units comprised of siblings and non-siblings living in the same household, when they are under the care of the same relative caretaker, is consistent therewith. *Accord Wilkes*, 32 F.3d at 1330; *Bray*, 25 F.2d at 145 (noting that our Court of Appeals opinion in the present case was "strongly influenced by the *Beaton* ruling" and "misconstrues the impact of the enactment of [amendments to the Act] upon" the discretion afforded to states regarding the definition of AFDC assistance units).

### III.

Plaintiff also contends that the policy violates federal regulations that require equitable treatment among AFDC recipients. As previously noted, section 233.10(a)(1) requires that eligibility conditions imposed by the State must not result in inequitable treatment, and section 233.20(a)(2)(iii) requires that the standard of assistance "must be uniformly applied throughout the State." Plaintiff contends that under the state's "flat grant" system, Jonathan and Joshua would receive higher benefits if they lived with a wealthy, non-needy relative caretaker. She argues: "Defendant's policy thus singles out the most needy children for penalty—those unable to live with their parents and taken in by relatives who are themselves needy." Plaintiff contends that federal regulations require that Jonathan and Joshua, and other children similarly situated, receive the same assistance they would have received had they been taken into a non-AFDC household. We disagree.

North Carolina has chosen to consolidate assistance units in order to promote equitable treatment for households of similar composition, providing the same level of payment to similarly sized households with one relative caretaker. Plaintiff has not persuaded us that the federal regulations invalidate that choice and require the alternative she suggests. *Accord Wilkes*, 32 F.3d at 1330; *Bray*, 25 F.3d at 146; Action Transmittal No. ACF-AT-94-6 at 7 ("The program authorizes a State to determine need standards and payment standards that accommodate the balance of equity in that State. The decision to consolidate assistance units or to retain separate units in a single household is also a policy determination that a State makes balancing the equities.").

The foregoing disposition of defendants' appeal makes it unnecessary for us to pass upon plaintiff's appeal.

For the reasons stated, we hold that the trial court erred in holding that the policy of defendant agency violated federal regulations, and that the Court of Appeals erred in affirming the trial court. Accordingly, the decision of the Court of Appeals is reversed, and the case is remanded to that court with instructions to remand to the Superior Court, Mecklenburg County, for entry of an order consistent with this opinion.

REVERSED AND REMANDED.