CHRISTOPHER MACINNES & another[1] vs. COMMISSIONER OF PUBLIC WELFARE.

Middlesex. February 3, 1992. - June 9, 1992.

Present: NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Aid to Families with Dependent Children. Public Welfare. Constitutional Law*, Federal preemption, Equal protection of laws.

Statute 1990, c. 150, § 58, and 106 Code Mass. Regs. § 304.305 (B) (1990), requiring the Department of Public Welfare to add children who are recipients of aid to families with dependent children (AFDC), residing with nonparent, AFDC caretaker relatives, to the "assistance unit" of such relatives, thereby prohibiting such children from receiving an AFDC grant as an independent unit, unless to do so would cause a particular child to become homeless or to endure other undue hardship, are not preempted by 42 U.S.C. § 602 (a) (7) (A) (1988) and various Federal regulations inasmuch as the Federal AFDC statutory scheme envisioned State participation in establishing policy on determining the number of assistance units in a household. [796-797]

Statute 1990, c. 150, § 58, and 106 Code Mass. Regs. § 304.305 (B) (1990), requiring the Department of Public Welfare to add children who are recipients of aid to families with dependent children (AFDC), residing with nonparent, AFDC caretaker relatives, to the "assistance unit" of such relatives, thereby prohibiting such children from receiving an AFDC grant as an independent unit, unless to do so would cause a particular child to become homeless or to endure other undue hardship, do not violate the equal protection clause of the Fourteenth Amendment to the United States Constitution or arts. 1, 7, and 10 of the Massachusetts Declaration of Rights, where § 58 and the applicable regulation involve neither a suspect class nor a fundamental right and are rationally related to the futherance of a legitimate State interest in decreasing State spending and distributing fairly benefits among competing needy families; furthermore, there was no merit to claims of inequitable treatment as violating 45 C.F.R. §§ 233.10(a) (1) and 233.10 (a)

---

[1]Carla Vasquez. Apparently, although the plaintiffs filed a motion for class certification stating that the class consists of approximately 500 children similarly situated, the judge never ruled on the motion.

(1) (iv), 45 C.F.R. § 233.20 (a) (2) (iii), and G. L. c. 18, § 2 (B) (*d*). [798-799]


CIVIL ACTION commenced in the Superior Court Department on November 14, 1990.

The case was heard by *Gordon L. Doerfer*, J., on a motion for summary judgment.

The Supreme Judicial Court granted a request for direct appellate review.

*Ross Dolloff* (*Lynn A. Girton* with him) for the plaintiffs.

*Douglas H. Wilkins*, Assistant Attorney General, for the Commissioner of Public Welfare.

LYNCH, J. The plaintiffs, Christopher MacInnes and Carla Vasquez, recipients of aid to families with dependent children (AFDC), appeal from a partial summary judgment entered in the Superior Court in favor of the Commissioner (commissioner) of the Department of Public Welfare (department). The plaintiffs sought injunctive and declaratory relief based on their claim that § 58 of St. 1990, c. 150 (§ 58) and 106 Code Mass. Regs. § 304.305 (B) (1990) (regulation),[2] as amended by direction of § 58, violate Federal law and the equal protection provisions of the Massa-

---

[2]Section 58 of St. 1990, c. 150, provides: "Notwithstanding the provisions of any general or special law to the contrary, the department of public welfare is hereby authorized and directed to revise its rules and regulations pursuant to law with respect to the optional assistance program that in the event an additional child is added to the household of the recipient, such additional child shall not be considered as a new case but treated only as an additional child as otherwise eligible for assistance under the provisions of chapter eighteen of the General Laws. Said department may waive the provisions of this section if the department determines that application of this section would cause a particular child to become homeless or to endure other undue hardship."

Title 106 Code Mass. Regs. § 304.305(B) provides: "Whenever an application is made on behalf of a dependent child by a grantee-relative who is not the natural or adoptive parent, except for the dependent child in 106 CMR 304.305(C), this dependent child must be in the same assistance unit as the dependent child in 106 CMR 304.305(A) unless to do so would cause a particular child to become homeless or to endure undue hardship. In this instance the Department may waive this provision."

chusetts and United States Constitutions. The plaintiffs challenge § 58 and the regulation because they require the department to add AFDC children, residing with nonparent, AFDC caretaker relatives, to the "assistance unit" of such relatives thereby prohibiting such children from receiving an AFDC grant as an independent unit, unless to do so would cause a particular child to become homeless or to endure other undue hardship.[3] We granted the plaintiffs' application for direct appellate review. We affirm.

1. *Background.* AFDC is a jointly funded Federal and State assistance program aimed at those who are needy. 42 U.S.C. §§ 601-615 (1988). See *Shea* v. *Vialpando*, 416 U.S. 251, 253 (1974); *Massachusetts Coalition for the Homeless* v. *Secretary of Human Servs.*, 400 Mass. 806, 812 (1987); *ABCD, Inc.* v. *Commissioner of Pub. Welfare*, 378 Mass. 327, 331 (1979). States participate in the program voluntarily but in so doing must comply with Federal law. *Massachusetts Coalition for the Homeless, supra* at 812-813. The department is charged with administering the AFDC program in Massachusetts. G. L. c. 18, § 2 (1990 ed.). *Massachusetts Coalition for the Homeless, supra* at 813. The Department of Health and Human Services (DHHS)[4] is responsible for administering the Federal portion of the AFDC program and approving State plans. 42 U.S.C. §§ 601-604. *King* v. *Smith*, 392 U.S. 309, 316 (1968).

---

[3]The plaintiffs filed a motion for partial summary judgment on claims one through four of their complaint, and the parties filed a statement of agreed facts relevant to claims one through four. The department filed a motion to dismiss and an "application" for summary judgment, pursuant to Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974). On January 16, 1991, the judge entered judgment in favor of the commissioner on claims one through four declaring that § 58 and the regulation did not violate Federal law or the equal protection provisions of the Federal and State Constitutions, and dismissed claims five and six. On February 5, 1991, the court entered final judgment, pursuant to Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974), in favor of the commissioner on claims one through six, and reserved the remaining claims for further adjudication.

[4]Formerly the Department of Health, Education, and Welfare (HEW), redesignated by Pub. L. 96-88, Title V, § 509B, 93 Stat. 695.

The purpose of the AFDC program is to encourage "the care of dependent children in their own homes or in the homes of relatives by enabling each State to furnish financial assistance . . . to needy dependent children and the parents or relatives with whom they are living to help maintain and strengthen family life and to help such parents or relatives to attain or to retain capability for the maximum self-support and personal independence consistent with the maintenance of continuing parental care and protection." 42 U.S.C. § 601. A dependent child is defined as "a needy child [under the age of eighteen, or under the age of nineteen and a student] . . . who has been deprived of parental support or care by reason of the death, continued absence from the home . . . or physical or mental incapacity of a parent, and who is living with" a specified, caretaker relative. *Id.* at § 606(a)(1)(A)(B).

For the purpose of administering the program AFDC recipients are grouped into "assistance units," which include "all individuals whose needs, income, and resources are considered in determining eligibility for, and the amount of, an assistance payment for which Federal participation is claimed." 45 C.F.R. § 205.40(a)(1) (1991). See 42 U.S.C. § 602(a)(38) (1988).[5] AFDC payments vary depending on the size of the assistance unit under economy of scale principles.

---

[5]Section 602(a)(38) of 42 U.S.C. sets forth the individuals who must be included in an assistance unit and states: "A State plan . . . must . . . provide that in making the determination [of need] under paragraph (7) with respect to a dependent child and applying paragraph (8) [earned income disregard], the State agency shall (except as otherwise provided in this part) include —

"(A) any parent of such child, and

"(B) any brother or sister of such child, if such brother or sister meets the conditions described in clauses (1) and (2) of section 606(a) of this title or section 607(a) of this title,

"if such parent, brother, or sister is living in the same home as the dependent child, and any income of or available for such parent, brother, or sister shall be included in making such determination and applying such paragraph with respect to the family (notwithstanding section 405(j) of this title, in the case of benefits provided under subchapter II of this chapter)."

Thus, grant amounts increase incrementally for each additional assistance unit member. Payments are made to the caretaker relative on behalf of the child. If the caretaker relative is the child's natural or adoptive parent, or stepparent with State support obligations, the caretaker relative and any siblings of the dependent child must be included in the assistance unit. *Id.*

The State agency "shall, in determining need [of a dependent child], take into consideration any other income and resources of any child or relative claiming [AFDC], or any other individual (living in the same home as such child and relative) whose needs the State determines should be considered in determining the need of the child or relative claiming such aid." 42 U.S.C. § 602(a)(7)(A) (1988). See 45 C.F.R. § 233.20(a)(3)(ii)(D) (1991);[6] *McCoog* v. *Hegstrom*, 690 F.2d 1280, 1284 (9th Cir. 1982). The Federal regulations, however, limit the other resources a State may consider. "[T]he inclusion in the family, or the presence in the home, of a 'substitute parent' or 'man-in-the-house' or any individual other than [a parent, adoptive parent, or stepparent] is not an acceptable basis for a finding of ineligibility or for assuming the availability of income by the state." 45 C.F.R. § 233.90(a)(1) (1991).

2. *Facts.* The plaintiffs' parents are unwilling or unable to care for them. Consequently, the plaintiffs reside with relatives who voluntarily provide for their care. These caretaker relatives receive benefits under the AFDC program for themselves (grantee relatives) and their own children as an assistance unit. Before October 1, 1990, and the passage of § 58, the plaintiffs received their own AFDC grant as a separate assistance unit in an amount of $352 monthly. Under the new procedure the plaintiffs no longer receive their own grant as a separate assistance unit but are added to the care-

---

[6]Section 233.20(a)(3)(ii)(D) of 45 C.F.R. provides that "income and resources are considered available both when actually available and when the applicant or recipient has a legal interest in a liquidated sum and has the legal ability to make such sum available for support and maintenance."

taker relative's assistance unit which receives only an incremental increase in benefits on behalf of the child. This results in a $95 monthly increase to caretaker relatives' grant but an over-all reduction in the monthly income of approximately $257.

3. *Rulings of law.* The judge recognized that there are some Federal requirements for the composition of assistance units, but " '[o]utside of . . . [the Federal policy], it is up to the State to establish policy on the number of assistance units in the household, e.g., when an individual not related to a member of an assistance unit as a parent, brother or sister lives in the household and files for assistance.' Action Transmittal No. SSA-AT-86-1 of the U.S. Department of Health and Human Services dated January 13, 1986." He then determined that the grantee relative has an obligation under 42 U.S.C. § 605 (1988), to use the entire AFDC grant of the assistance unit, and not just the increment attributable to the nonsibling child, for that child's benefit. Thus, "by implication, 42 U.S.C. § 605 imposes on the grantee relative a federal law obligation to use all of the AFDC grant for the benefit of everyone in the assistance unit. This is a sufficient obligation to satisfy any requirement that the amount of assistance to a dependent child not be calculated by assuming that the child has income or resources available to it which are not actually available under law." The judge next concluded that "no assumption is being made about the availability of income to an AFDC recipient from a relative who has no legal obligation to support the AFDC recipient." He therefore ruled: "There is no violation of 42 U.S.C. § 602(a)(7)(A), nor 45 C.F.R. § 233.20(a)(3)(ii)(D) and § 233.90(a)(1)." Additionally, he concluded that § 58 does not violate "45 C.F.R. § 233.20 (a) (2) (viii) which prohibits a state from reducing an AFDC payment because of the presence in the home of persons who have no legal obligation to support AFDC recipients . . . [nor does it] violat[e] 45 C.F.R. §§ 233.10(a)(1) and 233.10(a)(1)(iv) which require the defendant to establish the eligibility criteria for AFDC assistance in a manner that does not exclude individuals on

an arbitrary basis or which results in inequitable treatment of individuals and requires defendant to apply eligibility criteria on a consistent and equitable basis . . . [nor do] the defendant's regulations violate 45 C.F.R. § 233.20(a)(2)(iii)."

4. *Federal preemption.* The plaintiffs first argue that § 58 and the regulation create an impermissible scheme of proration and impute the AFDC income of the "non-legally" responsible caretaker relative to the dependent child in determining the plaintiff children's grant amount in violation of 42 U.S.C. § 602(a)(7)(A) (1988) and several Federal regulations.[7] Therefore, according to the plaintiffs, § 58 and the regulation are preempted by Federal law.

State legislation may be preempted by an express congressional statement, by an inference from the scheme of Federal legislation or regulations, or by an actual conflict with the Federal law. *Attorney Gen.* v. *Brown*, 400 Mass. 826, 828-829 (1987). Since the Federal AFDC statutory scheme envisions State participation in implementing the program, the persuasiveness of the plaintiffs' preemption argument is diminished. *Id.* at 828.

The plaintiffs have failed to inform us of any clear and unambiguous statement preempting § 58. See *Gregory* v. *Ashcroft*, 111 S. Ct. 2395, 2401 (1991); *Apkin* v. *Treasurer & Receiver Gen.*, 401 Mass. 427, 433-434 (1988). Neither can we discern any congressional intent prohibiting the State from consolidating assistance units in the manner established

---

[7]See 45 C.F.R. § 233.20(a)(2)(viii), which states that the State plan for AFDC must "[p]rovide that the money amount of any need item included in the standard will not be prorated or otherwise reduced solely because of the presence in the household of a non-legally responsible individual; and the agency will not assume any contribution from such individual for the support of the assistance unit except as provided [in other regulations not applicable here]."

See 45 C.F.R. § 233.90(a)(1), which provides that "the inclusion in the family, or the presence in the home, of a 'substitute parent' or 'man-in-the-house' or any individual other than [a parent or adoptive parent or stepparent] is not an acceptable basis for a finding of ineligibility or for assuming the availability of income by the State."

by § 58. To the contrary, the DHHS, which is charged with interpreting Federal AFDC statutes and promulgating Federal AFDC regulations, instructed the States regarding the composition of an AFDC assistance unit. This instruction expressly states: "Outside of this policy [the Federal policy requiring that certain family members must be included in the assistance unit], it is up to the State to establish policy on the number of assistance units in the household, e.g., when an individual not related to a member of an assistance unit as a parent, brother or sister lives in the household and files for assistance." Action Transmittal No. SSA-AT-86-1 of the United States Department of Health and Human Services (Jan. 13, 1986). This unequivocal statement supports the defendant's contention that consolidating nonsiblings into the assistant unit of the grantee relative is permissible, even though the grantee relative has no State support obligations and is unrelated as a parent, a brother, or a sister. This Federal administrative interpretation is entitled to be given weight in any judicial proceeding. See *ABCD, Inc. v. Commissioner of Pub. Welfare*, 378 Mass. 327, 333-334 (1979).

To the extent that *Beaton v. Thompson*, 913 F.2d 701 (9th Cir. 1990), on which the plaintiffs rely, is to the contrary, we decline to follow it. In invalidating a State of Washington regulation which authorized only an incremental increase for any nonsibling child living with a single caretaker relative or a related married couple, the *Beaton* court opined that "the effect of the regulation is to presume that the non-legally responsible caretaker relative with whom the child lives is contributing to the support of the child without proof of any actual contribution." *Id.* at 704. This reasoning overlooks the position of the judge below that the obligation of the caretaker to provide support comes from the Federal law requirement that the caretaker use all of the grant for the benefit of everyone in the assistance unit. Since we agree with the judge that a legal obligation to support exists in these circumstances, we disagree with the *Beaton* court that the effect of such a regulation is to presume income from a "non-legally" responsible person.

5. *Equal protection.* The plaintiffs argue that § 58 and the regulation violate equal protection principles under the Fourteenth Amendment to the United States Constitution and arts. 1, 7, and 10 of the Massachusetts Declaration of Rights. They claim that the legislation creates two classifications, namely, dependent children who are cared for by relatives whose income source is AFDC and dependent children who are cared for by relatives who do not receive AFDC. Since the dependent children in the first class are included in their grantee relative's assistance unit, the unit receives only an incremental grant increase of $95 for that child, whereas the dependent children in the second class are their own assistance unit and receive their own one person grant of $352. According to the plaintiffs, this disparate treatment violates equal protection principles.

"For the purpose of equal protection analysis, our standard of review under the cognate provisions of the Massachusetts [Constitution] is the same as under the Fourteenth Amendment to the Federal Constitution." *Dickerson* v. *Attorney Gen.*, 396 Mass. 740, 743 (1986). Since § 58 and the regulation involve neither a suspect class nor a fundamental right, "[they] will be upheld as long as [they are] rationally related to the furtherance of a legitimate State interest." *Id.* at 740. See *Opinion of the Justices,* 408 Mass. 1215, 1224 (1990).

It is, of course, a legitimate legislative goal to decrease State spending and to distribute fairly benefits among competing needy families. The statute and regulation are rationally related to this goal. For example, prior to the statutory amendment a mother living with her two daughters would receive one grant of $579 monthly, whereas a mother living with a daughter and a niece would receive two grants: $486 for herself and her daughter and $392 for her niece, giving the second household $299 more a month to support the same number of people.

Finally, we determine there is no merit to the plaintiffs' claims of inequitable treatment as violating 45 C.F.R. §§ 233.10(a)(1) and 233.10(a)(1)(iv), 45 C.F.R. § 233.20 (a)(2)(iii), and G. L. c. 18, § 2 (B) (*d*). The basic premise of

these unequitable treatment arguments is faulty because, as explained above, the caretakers in each instance have a legal obligation to support the recipient. Furthermore, we have demonstrated that the State plan is consistent with Federal law and not unreasonable in its application.

We conclude that the summary judgment declaring that § 58 and the regulation neither violate Federal law nor the equal protection provisions of the Federal and State Constitutions was properly granted.

*Judgment affirmed.*