860 F.2d 353
 FIREMAN'S FUND INSURANCE COMPANY, Plaintiff-Appellant,
v.
Cheryl A. IGNACIO; David A. Ignacio, son of Cheryl A.
Ignacio; James Ignacio, Jr., son of Cheryl A. Ignacio;
Jessica B. Feuerborn, daughter of Cheryl A. Ignacio; Jesse
James Ignacio, son of Cheryl A. Ignacio; Richard G.
Ignacio, son of Cheryl A. Ignacio; Mariana Charfauros
Manley; Peter Quenga Manley; Chemray Coating Corp.;
Admiral Insurance Company, Defendants-Appellees.
 No. 88-1923.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 4, 1988.
Decided Nov. 1, 1988.
 
 David A. Mair, Mair, Mair, Hogan & Spade, Agana, Guam, for plaintiff-appellant.
 Melinda C. Swavely, McCully, Swavely & Lannen, P.C., Robert L. Keogh, Keogh & Butler, Agana, Guam, for defendants-appellees.
 Appeal from the United States District Court for the District of Guam.
 Before ALARCON, FERGUSON and NORRIS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Fireman's Fund appeals the district court's dismissal of its action for a declaratory judgment that Fireman's Fund is not liable, as the insurer of a shipping company, to the victims of an explosion aboard the insured's vessel in Guam. The declaratory judgment action was brought while a tort action arising out of the accident, brought against the owner of the vessel and Fireman's Fund as its insured, was pending in the Superior Court of Guam.
 
 
 2
 Although the decision to grant or deny declaratory relief under the Declaratory Judgment Act, 28 U.S.C. Sec. 2201, is a matter initially committed to the discretion of the district court, see Greater Los Angeles Council on Deafness v. Zolin, 812 F.2d 1103, 1112 (9th Cir.1987), on appeal we exercise our own "sound discretion" to determine the propriety of the district court's grant or denial of declaratory relief. See United States v. State of Washington, 759 F.2d 1353, 1356-57 (9th Cir.1985) (en banc). In effect, then, we review de novo the district court's ruling below. See Guerra v. Sutton, 783 F.2d 1371, 1376 (9th Cir.1986).
 
 
 3
 In deciding whether to grant or deny declaratory relief, courts base the exercise of their discretion on principles of "wise judicial administration," Mobil Oil Corp. v. City of Long Beach, 772 F.2d 534, 541 (9th Cir.1985), and in accordance with the purposes of the Declaratory Judgment Act. Shell Oil Co. v. Frusetta, 290 F.2d 689 (9th Cir.1961). In this case, the district court reasoned that allowing the declaratory judgment action would delay resolution of the plaintiffs' claims in the tort action pending in the Superior Court of Guam, resulting in piecemeal litigation, and would deprive the plaintiffs of their right to trial by jury in the Superior Court. Moreover, the court concluded that all the issues presented by the declaratory judgment action could be adjudicated in the tort action previously commenced in the Superior Court.
 
 
 4
 The reasons invoked by the district court find support in the decisional law under the Declaratory Judgment Act, 28 U.S.C. Sec. 2201. This court has previously held that "the fact that another action, involving substantially the same issue, is pending in a state or federal court is a potent factor in discretionary refusal to assume jurisdiction." Fern v. Turman, 736 F.2d 1367, 1369 (9th Cir.1984) (quoting 6A Moore's Federal Practice 57-44). This conclusion follows from the central purpose of the Declaratory Judgment Act, which is to provide the opportunity to clarify rights and legal relationships without waiting for an adversary to file suit.
 
 
 5
 Fireman's Fund argues that the district court's dismissal should be overturned because the court incorrectly concluded that the Guam Superior Court has subject matter jurisdiction over the underlying tort actions. However, it is unnecessary for us to decide the issue of the Superior Court's jurisdiction, because the district court's dismissal was proper whether or not the Superior Court in fact has jurisdiction. Before this declaratory judgment action was filed in federal court, the Superior Court had already heard the issue of jurisdiction and had determined that it had subject matter jurisdiction. Fireman's Fund is free to seek appellate review of that ruling of the Superior Court. In filing this declaratory judgment action, Fireman's Fund is effectively seeking immediate interlocutory review of the Superior Court's decision that it has subject matter jurisdiction. This is not a proper use of the declaratory judgment procedure. Fireman's Fund's position, if sustained, would set a precedent for litigants in state and territorial courts to seek immediate collateral review in federal court on jurisdictional issues through the declaratory judgment route.
 
 
 6
 AFFIRMED.