983 F.2d 1077
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PRICE, RAFFEL & ASSOCIATES INCORPORATED; Manhattan National
Pension Services, Inc., Plaintiffs-Appellants,
v.
EAGLESON'S BIG & TALL, INC.; Ira A. Fulton, Defendants-Appelles
 No. 91-56161.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Mar. 2, 1992.
Decided Jan. 6, 1993.
 
 Before HUG, PREGERSON and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This is an appeal from a district court order dismissing for lack of subject matter jurisdiction a federal complaint that was filed under the Declaratory Judgment Act.
 
 I.
 
 3
 Price, Raffel & Associates ("Price") is a pension plan consulting firm that provided accounting services to Eagleson's Big & Tall, Inc. and Fulton, an Eagleson's shareholder ("Eagleson's"). The accounting services provided by Price concerned the maintenance of Eagleson's two ERISA plans and included advice as to how the plans were affected by the ERISA top-heavy test. Price had advised Eagleson's that its ERISA plans were not top-heavy when, in fact, they were. As a consequence of the erroneous advice provided by Price, Eagleson's was forced to make extra payments to its ERISA plans in order to allocate assets to other participants and to avoid the penalties associated with top-heavy plans.
 
 
 4
 Eagleson's sued Price for damages resulting from the erroneous advice. The suit was originally filed in Los Angeles Superior Court ("the underlying suit"), alleging three state court causes of action: (1) breach of contract, (2) negligent misrepresentation, and (3) negligence. Eagleson's did not allege any violation of ERISA in the state court complaint.
 
 
 5
 After the original suit was filed, Price removed the case to federal court asserting federal question jurisdiction, and filed a counterclaim for declaratory and injunctive relief seeking a declaration of non-liability under ERISA. In addition, Price also filed a separate federal complaint seeking the identical declaratory and injunctive relief requested in the counterclaim. Eagleson's responded with a motion to remand its underlying lawsuit back to state court, and then filed a motion seeking to have Price's federal complaint dismissed for lack of subject matter jurisdiction. The district court granted both of Eagleson's motions. On April 17, 1991, the original state law claim was remanded to state court, and on July 3, 1991 the related federal complaint was dismissed for lack of subject matter jurisdiction. Price does not appeal the remand order, but rather only the dismissal of its separate federal complaint. In addition, Price has requested that we issue a stay of Eagleson's state court action, pending the outcome of its federal declaratory judgment action.
 
 II.
 
 6
 The existence of subject matter jurisdiction is a question of law reviewed de novo. Kruso v. Inter. Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989). "Although the decision to grant or deny declaratory relief ... is a matter initially committed to the discretion of the district court ..., on appeal we exercise our own sound discretion to determine the propriety of the district court's grant or denial of declaratory relief.... In effect, then, we review de novo." Fireman's Fund Ins. Co. v. Ignacio, 860 F.2d 353, 354 (9th Cir.1988); accord Guerra v. Sutton, 783 F.2d 1371, 1376 (9th Cir.1986).
 
 
 7
 Price filed its federal complaint under the Declaratory Judgment Act seeking a declaration of non-liability under ERISA. The Declaratory Judgment Act provides as follows:
 
 
 8
 In a case of actual controversy within its jurisdiction ... any court of the United States, upon a filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.
 
 
 9
 28 U.S.C. § 2201. Although the Declaratory Judgment Act could authorize the district court to issue the judgment Price seeks, the Act is not an independent source for federal question jurisdiction. See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950) (if, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking).
 
 
 10
 Viewed as an attempt to establish a preemption defense, Price's attempt to characterize this action as an ERISA action does not overcome the Skelly Oil test. Eagleson's alleges that Price was negligent, which is a state law claim, and Price wants to invoke federal question jurisdiction by claiming that ERISA was not violated. Price's ERISA claim is merely a defense to Eagleson's state law claim and, therefore, does not create federal question jurisdiction under Skelly Oil. "When a declaratory judgment plaintiff asserts a claim that is in the nature of a defense to a threatened or pending action, the character of the threatened or pending action determines whether federal question jurisdiction exists with regard to the declaratory judgment action." Levin Metals Corp. v. Parr-Richmond Terminal Co., 799 F.2d 1312, 1315 (9th Cir.1986), citing Public Serv. Comm'n of Utah v. Wycoff Co., Inc., 344 U.S. 237, 248 (1952).
 
 
 11
 Eagleson's elected to file a state law claim for negligence, not a federal claim under ERISA. Whether Eagleson's could have brought an action based on a claim under ERISA, it obviously has chosen not to do so, but to rely on its state claims.
 
 
 12
 Technically, the district court could exercise jurisdiction over a declaratory judgment action to adjudicate whether Eagleson's could bring an action under ERISA.
 
 
 13
 Although the district court did have jurisdiction over a declaratory judgment action to determine whether Eagleson's could bring a claim under ERISA, the district court had discretion to refuse to exercise that jurisdiction to grant declaratory relief. Fireman's Fund, 860 F.2d at 354. The declaratory relief sought was the adjudication of whether Eagleson's could bring a federal action under ERISA, which it obviously intends not to bring. In fact, Eagleson's has studiously avoided bringing such a federal action. Whether Price has a defense to the state count claims, because of ERISA preemption, is a matter that does not provide federal jurisdiction and is appropriate for consideration by the state court.
 
 
 14
 We interpret the district court's dismissal as a discretionary refusal to deny declaratory relief. It is a sound exercise of discretion and we affirm.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3