15 F.3d 1087
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Scoey MITCHLLL; Scoey Mitchlll Organizations, Inc., a
California corporation, individually and d/b/a
Scomi TV Productions; EM/BE, Inc., a
California corporation,
Plaintiffs-Appellants,
v.
DIRECTORS GUILD OF AMERICA, a labor organization, and the
DGA-Producer Pension Plan and Health & Welfare
Plan, an employee welfare benefit plan,
Defendant-Appellee.
 No. 92-55846.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 3, 1994.
Decided Jan. 5, 1994.
 
 1
 Before: GOODWIN and HALL, Circuit Judges, and TANNER, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiffs appeal the district court's dismissal of their six-count complaint. The district court concluded that it lacked subject matter jurisdiction over the first five counts and that the remaining count did not present a justiciable case or controversy.
 
 
 4
 * The Directors Guild of America (DGA) is a labor organization representing employees who work in the production of motion pictures and television. Plaintiffs are an individual, Scoey Mitchlll, and several production companies formed and run by Mitchlll to produce movies for theatrical and television distribution. Plaintiffs generally allege that DGA refuses to grant them signatory status and that without such status, plaintiffs cannot hire DGA members.
 
 
 5
 Prior to filing this suit, plaintiffs filed an unfair labor practice charge with the National Labor Relations Board (NLRB or Board) alleging facts substantially similar to those now contained in their complaint. The NLRB dismissed these charges. The Board's Regional Director concluded in part that the factual allegations, if proven, did not constitute a violation of the National Labor Relations Act (NLRA), 29 U.S.C. Secs. 151-69. Plaintiffs appealed this decision to the General Counsel's Office of Appeals, which affirmed the Regional Director's decision, noting that "no union has a duty ... to bargain with an employer with which it has no bargaining relationship."[1]
 
 
 6
 Plaintiffs filed a second unfair labor practice charge, again setting forth essentially the same allegations as those contained in their complaint. The Regional Director and, on appeal, the General Counsel's Office of Appeals rejected plaintiffs' charge on the merits.
 
 II
 
 7
 Counts I through V allege that DGA violated its duty to bargain in good faith. "When an activity is arguably subject to ... Sec. 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board...." San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236, 245 (1959); Babler Bros., Inc. v. Roberts, 995 F.2d 911, 914 (9th Cir.1993) (same). Because Sec. 8(b)(3) requires a labor organization to bargain in good faith in certain circumstances, 29 U.S.C. Sec. 158(b)(3), the Board clearly had exclusive jurisdiction over these claims. The district court properly dismissed these counts for lack of jurisdiction.
 
 
 8
 Even if we were to treat Counts I through V as seeking review of the NLRB's decisions, our conclusion remains the same. The Board's prosecutorial decisions, including its decision to dismiss a charge, are presumptively unreviewable by a court. International Ass'n of Machinists v. Lubbers, 681 F.2d 598, 601-03 (9th Cir.1982) (even after issuance of complaint, General Counsel's decision to dismiss plaintiff's charge is presumptively unreviewable). Plaintiffs' claims do not fall within any of the narrow exceptions to this rule, see id. at 603, and amendment of their complaint would not have remedied this situation.
 
 
 9
 Plaintiffs attempt to circumvent this result by characterizing Count III as alleging a secondary boycott in violation of 29 U.S.C. Sec. 158(b)(4)(ii)(B).[2] See Iron Workers Dist. Council v. NLRB, 913 F.2d 1470, 1475 (9th Cir.1990) (Sec. 158(b)(4) prohibits secondary boycott activity); 29 U.S.C. Sec. 187(b) (granting district court jurisdiction over claims alleging injury due to violation of Sec. 158(b)(4)). Typically, "[s]econdary boycott activities are those which are calculated to involve neutral employers and employees in the union's dispute with the primary employer." Iron Workers, 913 F.2d at 1475.
 
 
 10
 Plaintiffs contend that DGA has denied them signatory status because Kaledonia Productions, an insolvent corporation in which Mitchlll was the majority shareholder, has not satisfied defendants' judgment against it. These allegations, however, do not constitute secondary boycott activity. Although plaintiffs may be perceived as neutral employers in the dispute between Kaledonia and defendants, the NLRA does not proscribe the object of DGA's activities. The DGA does not hope to alter plaintiffs' business relationship with Kaledonia and does not seek to compel Kaledonia to bargain collectively, see 29 U.S.C. Sec. 158(d) (defining collective bargaining). Accordingly, the district court's dismissal for lack of jurisdiction was not in error.
 
 
 11
 In the sixth count, plaintiffs sought declaratory relief. A court may grant declaratory relief in a case of actual controversy. Spokane Indian Tribe v. United States, 972 F.2d 1090, 1091 (9th Cir.1992). " '[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment." Id. at 1091-92 (quoting Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)). "The purpose of the Declaratory Judgment Act is 'to relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure--or never.' " Id. at 1092 (quoting Hal Roach Studios, Inc v. Richard Feinder & Co., 896 F.2d 1542, 1555 (9th Cir.1990)). "Although the decision to grant or deny declaratory relief under the Declaratory Judgment Act, 28 U.S.C. Sec. 2201, is a matter initially committed to the discretion of the district court, on appeal we exercise our own 'sound discretion' to determine the propriety of the district court's grant or denial of declaratory relief." Fireman's Fund Ins. Co. v. Ignacio, 860 F.2d 353, 354 (9th Cir.1988) (citations omitted).
 
 
 12
 Plaintiffs sought a declaration that they were not legally responsible for a judgment that DGA-Producer Pension Plan and Health & Welfare Plan obtained against Kaledonia. Plaintiffs allege that defendants made a written demand for satisfaction of this judgment. We conclude that this demand for payment, unaccompanied by any threat of future litigation, does not "show that there is a substantial controversy ... of sufficient immediacy and reality to warrant issuance of a declaratory judgment."
 
 
 13
 The decision of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Jack E. Tanner, Senior District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 8(b)(3) of the NLRA requires labor organizations to bargain in good faith with any employer whose employees are represented by that labor organization. 29 U.S.C. Sec. 158(b)(3)
 
 
 [2]
 It shall be an unfair labor practice for a labor organization or its agents--
 (4) ... (ii) to threaten, coerce, or restrain any person engaged in commerce or in an industry affecting commerce, where in either case an object thereof is--
 * * *
 (B) forcing or requiring any person to cease using, selling, handling, transporting, or otherwise dealing in the products of any other producer, processor, or manufacturer, or to cease doing business with any other person, or forcing or requiring any other employer to recognize or bargain with a labor organization as the representative of his employees unless such labor organization has been certified as the representative of such employees under the provisions of section 159 of this title ...
 29 U.S.C. Sec. 158(b).