**GLITSCH, INC. (now known as Tray, Inc.), Plaintiff–Appellant,**

v.

**KOCH ENGINEERING COMPANY, INC., and Sulzer Brothers Limited, Defendants–Appellees.**

**No. 99–1377.**

United States Court of Appeals, Federal Circuit.

June 30, 2000.

Donald R. Dunner, Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., of Washington, DC, argued for plaintiff-appellant. With him on the brief were Griffith B. Price, Jr., and Don O. Burley. Of counsel on the brief were Thomas L. Cantrell, Jenkens & Gilchrist, of Dallas, TX. Also of counsel on the brief were Joseph P. Della Maria, Jr., Kenneth P. Taube, and Alan S. Madans, Rothschild, Barry & Myers, of Chicago, IL. Of counsel was Kara F. Stoll, Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.

John C. Dods, Shook, Hardy & Bacon, L.L.P., of Kansas City, MO. With him on the brief were James David Wharton and James R. Eiszner.

Before LOURIE, CLEVENGER, and BRYSON, Circuit Judges.

BRYSON.

The sequence of events leading to this appeal began with an action filed in 1982 by appellees Koch Engineering Company, Inc., and Sulzer Brothers Limited against appellant Glitsch, Inc. In that action, Koch and Sulzer alleged that Glitsch had infringed a patent in which Koch and Sulzer had interests and that Glitsch had misappropriated certain trade secrets. In 1992, the district court entered an order in that action finding Glitsch liable on both counts. In February 1993, after the court had entered its order on liability but before it had addressed the issue of damages, Glitsch sought leave to amend its answer to raise the defenses of patent misuse and trade secret misuse. The theory underlying Glitsch's motion was that by virtue of various patent and trade secret licenses, Koch and Sulzer had improperly agreed to allocate geographic markets, in violation of the Sherman Act, 15 U.S.C. § 1. As a result, Glitsch contended, the patent and the trade secrets at issue in the case should be deemed unenforceable. The district court denied the motion to amend the answer on the ground that it was untimely, because the defenses that Glitsch sought to raise related to the issue of liability, which the court had already determined.

Glitsch then filed a separate declaratory judgment action in which it alleged the same claims of patent and trade secret misuse that it had not been allowed to raise in the principal action. In its complaint in the declaratory judgment action, Glitsch alleged, as it had in its motion to amend its answer in the principal action, that Koch and Sulzer had committed patent and trade secret misuse by unlawfully allocating geographic markets throughout the world with respect to the sale of packing elements used in the petroleum, chemical, petrochemical, and related industries. As a remedy in the declaratory judgment action, Glitsch sought to have the patent and trade secrets covered by the alleged market allocation agreements declared unenforceable and any award of damages in the original action vacated.

The declaratory judgment action was assigned to the same judge who was handling the principal action. On cross-motions for summary judgment, the district

judge ruled that Glitsch had waived its right to litigate the affirmative defense of misuse in the principal action because it had failed to raise that defense on a timely basis. The court explained that "[i]t is now apparent that Glitsch is attempting to assert the affirmative defense of misuse in this declaratory judgment action and that the defense should have been raised in *Glitsch I.*" The court rejected Glitsch's argument that it had been unable to assert the defense of misuse before the court decided the liability issue in that case and that for that reason its request to raise the defense should not have been deemed untimely. Accordingly, the court granted Koch's motion for summary judgment.

▮▮▮ What Glitsch is attempting to do in this case is to use a second action to raise a defense that should be litigated in the first action, which is still pending. Glitsch unsuccessfully sought to raise its defense in the first action, and it now contends that it may raise the same legal claim in the second action because the district court was wrong when it barred Glitsch from raising that claim as a defense in the first case. There is, however, a strong and sensible policy against such a tactic. When a court enters an order that a party does not like, the party's recourse is to seek relief on appeal; it is not appropriate for the party to contest the court's order by filing a new action seeking a declaratory judgment challenging the court's ruling in the first case.

For example, in *Grand Trunk Western Railroad v. Consolidated Rail Corp.,* 746 F.2d 323 (6th Cir.1984), the court held that it was impermissible for a party to bring a declaratory judgment action that would, in effect, ask the court in the second action to review an order issued in the first. In the first case, a tort action against Grand Trunk and Conrail in state court, Grand Trunk filed a cross-claim for indemnification against Conrail, but the state court

rejected the claim on the merits. Instead of appealing that ruling, Grand Trunk filed a second action in federal court seeking a declaratory judgment that Conrail was required to indemnify it for any judgment it might suffer in the first action. The district court granted summary judgment to Conrail on the ground that Grand Trunk's indemnity claim was barred by res judicata or collateral estoppel as a result of the state court's order. The court of appeals agreed that Grand Trunk's complaint had no merit, but it concluded that the district court should not have addressed the merits of Grand Trunk's claim. Instead, the district court should have dismissed Grand Trunk's complaint on the ground that it constituted an inappropriate effort to use litigation before a second court to circumvent a decision of the first court relating to the same matter. The court of appeals explained that if Grand Trunk believed the state court's ruling on the indemnity issue was wrong, the proper course was for Grand Trunk to appeal that ruling, not to seek a contrary ruling through a declaratory judgment from a federal district court. *See Grand Trunk,* 746 F.2d at 326–27. *See also Fireman's Fund Ins. Co. v. Ignacio,* 860 F.2d 353, 355 (9th Cir.1988) (appellant should have appealed first court's adverse ruling rather than filing a declaratory judgment action and "effectively seeking immediate interlocutory review" of the first court's order).

This is not a case in which the party seeking declaratory relief argues that it cannot obtain a just adjudication of its rights in the first action and that declaratory relief is necessary to preserve important rights that otherwise would be unjustifiably lost. Glitsch filed its declaratory judgment action in the same district court where the original action was pending, and Glitsch has not suggested that it is entitled to a decision by a different court because some aspect of the jurisdiction or procedures in the first court disabled Glitsch

from making its claim in that court. If Glitsch is right that the district court erred in ruling that its patent misuse defense was not timely raised, it can pursue that contention on appeal from a final judgment in the infringement action. Glitsch, however, is not satisfied with that option. What Glitsch seeks, instead, is to require the district court to rule on the merits of its patent misuse claim and then to be able to take an immediate appeal if those arguments are rejected. If it is allowed to proceed in that manner, Glitsch not only would negate the district court's ruling on the untimeliness of its patent misuse defense, but also would be taking what amounts to an interlocutory appeal of an adverse ruling on the merits of that defense. Those consequences of Glitsch's argument demonstrate why that strategy cannot be permitted. If sanctioned, Glitsch's strategy would undermine three strong and related policies of federal procedure: (1) that litigation relating to a single matter should take place in a single action, *see Semmes Motors, Inc. v. Ford Motor Co.,* 429 F.2d 1197, 1202–03 (2d Cir.1970) (Friendly, J.); (2) that a district court's order in one action should be reviewed by the statutory method of appeal, not by a collateral proceeding for a declaratory judgment, *see Public Serv. Comm'n v. Wycoff Co.,* 344 U.S. 237, 246, 73 S.Ct. 236, 97 L.Ed. 291 (1952); and (3) that, with limited exceptions, review of a district court's ruling should take place only after a final judgment is entered in the case, *see Cobbledick v. United States,* 309 U.S. 323, 324–26, 60 S.Ct. 540, 84 L.Ed. 783 (1940).

Glitsch does not challenge these principles head-on, but contends that its case presents a special exception to the ordinary rule barring the use of a declaratory judgment to collaterally attack an order entered in another case. Relying on the Supreme Court's decision in *Mercoid Corp. v. Mid–Continent Investment Co.,* 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376 (1944),

Glitsch argues that for public policy reasons, the defense of patent misuse is special, in that even when a court rejects that defense in one action, the defendant may reassert it in another. Glitsch argues that the rule of *Mercoid* permits it to raise the patent and trade secret misuse defense through a separate declaratory judgment action even after that defense was rejected, on procedural grounds, in the original infringement case.

Despite Glitsch's insistence that *Mercoid* justifies its request for declaratory relief, a careful reading of *Mercoid* demonstrates that it does not provide the help that Glitsch needs. In *Mercoid,* the plaintiff Mid–Continent Investment Co. brought a patent infringement action against one Smith. Although Mercoid was not a party to that action, it provided the defense, but it did not raise the issue of patent misuse in that case. Mid–Continent then sued Mercoid directly, and Mercoid sought to raise the defense of patent misuse in that second infringement action. The court of appeals held that under the principles of res judicata, Mercoid could not raise in the second action any issues that were litigated or could have been litigated in the first, including the issue of patent misuse. The Supreme Court, however, reversed. On the issue of res judicata, it held that principles of public policy required that the issue of patent misuse be available to Mercoid in the second case even though it had not been raised as a defense in the first. The Court explained that Mid–Continent was asking for an injunction, which calls for the exercise of discretion by a court of equity, and the "parties cannot foreclose the courts from the exercise of that discretion by the failure to interpose the [defense of patent misuse] in an earlier litigation." *Mercoid,* 320 U.S. at 670, 64 S.Ct. 268.

Glitsch characterizes *Mercoid* as squarely applicable here, but in fact it is quite different. *Mercoid* involved two successive infringement actions, and the question

in the case was whether, having failed to raise patent misuse as a defense in the first infringement action, Mercoid had forfeited its opportunity to raise patent misuse as a defense in the second infringement action. The Court's ruling was based on its determination that the public policy of preventing patent misuse outweighed the public policy underlying the doctrine of res judicata, at least as applied on the facts of that case. But the balance that the Court struck between patent misuse and res judicata is wholly inapplicable in the quite different setting of this case.

This case does not involve successive infringement actions, but only a single infringement action in which Glitsch was rebuffed in its effort to raise the defense of patent misuse. Glitsch could have waited to appeal from the order rejecting its patent misuse defense, but instead it chose to file a declaratory judgment action seeking to obtain a different ruling on the patent misuse issue. Unlike in *Mercoid,* which involved two successive coercive actions, and in which Mercoid had no other means of raising its patent misuse defense when the second action was filed against it, Glitsch had—and apparently still has—the remedy of appeal in the original action. The public policy of allowing parties to raise patent misuse as a defense to infringement actions would not be defeated by requiring Glitsch to raise its patent misuse defense on appeal in the first action. On the other hand, the contrary public policy of preventing parties from collaterally attacking orders in one case by filing multiple actions dealing with the same matter, which was not at issue in *Mercoid,* is very much at issue in this case.

 The reasoning of *Mercoid* makes clear that a party that did not raise the issue of patent misuse in one action may raise that issue in another action based on a separate assertion of infringement, whether as a defense against the claim of infringement or in a request for declaratory relief. But the rationale of *Mercoid* does not justify allowing a party to launch a collateral attack on a ruling in the first action, the effect of which would be to alter the judgment in that action. Accordingly, *Mercoid* provides no assistance to Glitsch in this case.

While the district court was correct in ruling that Glitsch was not entitled to relief on its declaratory judgment complaint, the court should not have based its judgment in this case on its conclusion that Glitsch had waived its patent misuse defense in the first case. If we were to affirm the district court's order on that ground, our decision could be taken as holding that the district court was correct to refuse to entertain Glitsch's patent misuse defense in the first action. We do not reach the merits of that issue, which presumably can be raised on any appeal that may be taken in the original infringement action. Instead, although we affirm the district court's order dismissing Glitsch's declaratory judgment complaint, we do so on the ground that Glitsch was not entitled to use a declaratory judgment action to collaterally attack the district court's order in the first action denying Glitsch's motion to amend its answer.

*AFFIRMED.*