**APOTEX INC.; and Apotex Corp, Plaintiffs,**

v.

**SANOFI–SYNTHELABO; Sanofi–Synthelabo, Inc.; and Bristol–Myers Squibb Sanofi Pharmaceuticals Holding Partnership, Defendants.**

No. 05 CIV. 3965(SHS).

United States District Court, S.D. New York.

Sept. 12, 2005.

Karen Jill Bernstein, Amster, Rothstein & Ebenstein LLC, New York City, for Plaintiffs.

David Noah Greenwald, Evan R. Chesler, Richard J. Stark, Cravath, Swaine & Moore LLP, New York City, for Defendants.

## *ORDER*

STEIN, District Judge.

Plaintiffs Apotex, Inc. and Apotex Corp. (collectively "Apotex") bring this litigation pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, seeking a declaration that U.S. Patent No. 4,847,265 (the " '265 patent") is invalid because the named inventors, defendants' patent agents, and an unnamed inventor intentionally withheld or omitted material information during the prosecution of the patent before the U.S. Patent and Trademark Office. Defendants have moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, defendants' motion is granted principally because this declaratory judgment action would serve no useful purpose in settling the legal issues involved and would neither finalize the ongoing controversy between the parties nor offer relief from uncertainty.

## I. Facts

This litigation is an offshoot of another ongoing litigation between the same parties. In that preexisting litigation—*Sanofi et al. v. Apotex et ano,* 02–2255 (the "*Sanofi* action")—Sanofi–Synthelabo, Sanofi–Synthelabo, Inc., and Bristol–Myers Squibb Sanofi Pharmaceuticals Holding Partnership (collectively "Sanofi") assert that Apotex has infringed the '265 patent. That litigation, which began in 2002, is substantially advanced; fact and expert discovery are complete, motions in limine are partially briefed, and the trial is impending.

After the close of discovery in the *Sanofi* action, Apotex sought leave to amend its Third Amended Answer to add allegations of inequitable conduct that it claimed rendered the '265 patent void. Specifically, Apotex sought to add allegations "that Sanofi scientists intentionally failed to inform the Patent and Trademark Office of information that would have been material to a reasonable examiner, namely, that a certain salt described in Sanofi's patent application was unstable and pharmaceutically unacceptable...." Order dated Apr. 12, 2005 at 3 (internal quotation marks omitted). However, the Court denied Apotex leave to amend its Third Amended Answer because Apotex inordinately delayed in seeking leave to amend and could not explain its delay, and allowing the proposed amendments would have prejudiced Sanofi. *Id.* at 3–5. In addition, the Court specifically noted that "Apotex has twice amended its answer to plead allegations of inequitable conduct." *Id.* at 4.

Eight days later, Apotex filed this litigation. In its complaint, Apotex sets forth the same allegations of inequitable conduct with respect to the '265 patent that the Court denied it leave to add to its Third Amended Answer in the *Sanofi* action. Indeed, in its complaint in this litigation,

Apotex appropriately sets forth that, "As a result of the Court's April 12, 2005 interlocutory order denying Apotex' Motion for Leave to Supplement Its Third Amended Answer ... Apotex brings this declaratory judgment complaint against Sanofi." (Compl. ¶ 15; *see also id.* ¶¶ 11–14).

Seven days later, Apotex also moved for reconsideration of the Court's decision in the *Sanofi* action denying it leave to amend its Third Amended Answer. In support of that motion for reconsideration, Apotex urged, inter alia, that it had filed this declaratory judgment action. The Court denied Apotex's motion for reconsideration on the ground that it had failed to proffer controlling authority or data that the Court overlooked, and had failed to proffer new evidence or demonstrate a change in the law or the existence of manifest injustice. Order dated July 11, 2005 at 5. Sanofi then moved to dismiss the complaint in this declaratory judgment action.

## II. Analysis

■ The Declaratory Judgment Act provides, in relevant part, that "any court of the United States ... may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (1994). "[B]y its express terms, [the statute] vests a district court with discretion to determine whether it will exert jurisdiction over a proposed declaratory action...." *Dow Jones & Co., Inc. v. Harrods Ltd.,* 346 F.3d 357, 359 (2d Cir.2003) (per curiam). Indeed, "[s]ince its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).

■ In exercising its discretion, the Court considers "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." *Dow Jones,* 346 F.3d at 359. In addition, the Court considers the purpose of the Declaratory Judgment Act, namely, to "allow a plaintiff not certain of his rights to avoid accrual of avoidable damages and to afford him an early adjudication without waiting until his adversary should see fit to begin suit...." *Gianni Sport Ltd. v. Metallica,* No. 00 Civ. 0937, 2000 WL 1773511 at *4 (S.D.N.Y. Dec. 4, 2000); *see also Great Amer. Ins. Co. v. Houston General Ins. Co.,* 735 F.Supp. 581, 585 (S.D.N.Y. 1990). Further, the Court takes into account whether the litigation is being used as "procedural fencing" and whether there is a better or more effective remedy. *Dow Jones,* 346 F.3d at 359–60; *see also Diaz v. Pataki,* 368 F.Supp.2d 265, 271–72 (S.D.N.Y.2005).

■ Importantly, when evaluating the factors set forth above, the Court "considers the litigation situation as a whole." *Gianni Sport Ltd.,* No. 00 Civ. 0937, 2000 WL 1773511 at *4 (internal quotation marks omitted). "In the declaratory judgment context ... considerations of practicality and wise judicial administration" predominate. *Wilton,* 515 U.S. at 288, 115 S.Ct. 2137, 132 L.Ed.2d 214. For example, "courts should be dubious of declaratory judgment actions when the plaintiff files suit to interfere with an action already filed," *Farrell Lines Inc. v. Columbus Cello–Poly Corp.,* 32 F.Supp.2d 118, 124 (S.D.N.Y.1997), regardless of whether the preexisting action was filed in state or federal court, *Gianni Sport Ltd.,* No. 00 Civ. 0937, 2000 WL 1773511 at *4–6; *Great Amer. Ins. Co.,* 735 F.Supp. at 584.

"When all is said and done ... the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power" *Wilton,* 515 U.S. at 287, 115 S.Ct. 2137, 132 L.Ed.2d 214; *see also Glitsch, Inc. v. Koch Engineering Co., Inc.,* 216 F.3d 1382 (Fed. Cir.2000).

■ Pursuant to the standards set forth above, the Court declines to exert jurisdiction over this declaratory judgment action. A declaratory judgment in this litigation will not clarify or settle the legal issues existing between the parties. Instead, the *Sanofi* action, which is far "more comprehensive," should resolve the parties' disputes—including the issue of whether inequitable conduct rendered void the '265 patent. *See N. Amer. Airlines, Inc. v. Int'l Brotherhood of Teamsters, AFL–CIO,* No. 04 Civ. 9949, 2005 WL 646350 at *18 (S.D.N.Y. Mar. 21, 2005). The existence of another pending action concerning the same general issue of inequitable conduct, such as this litigation, could undermine or even contradict the adjudication ultimately reached in the *Sanofi* action and thus multiply and muddy the legal issues involved.

Moreover, a judgment in this action would not finalize the controversy over the validity of the '265 patent and the question of Apotex's potential infringement; again, the *Sanofi* action will resolve those issues. In fact, Apotex's filing of this action only supplements and prolongs an already lengthy controversy between it and Sanofi. In addition, with respect to whether the filing of this action constitutes procedural fencing, Apotex has used this litigation as a means of circumventing the effect of the Court's April 12, 2005 Order, *see, e.g., Glitsch, Inc.,* 216 F.3d at 1384–86, and as a

point in its brief urging reconsideration of that order. Indeed, Apotex contends that this declaratory judgment action should be consolidated with the *Sanofi* action—a procedural maneuver that would constitute effectively granting the motion for reconsideration that the Court denied on April 12, 2005.

Further, there already exists a remedy for Apotex to pursue in order to litigate these particular allegations of inequitable conduct. Specifically, Apotex can ultimately appeal the Court's April 12, 2005 Order at the conclusion of that litigation. *Id.* Finally, this litigation does nothing to further the purpose of the Declaratory Judgment Act. Because there already exists a comprehensive action between the parties concerning the validity of the '265 patent, Apotex need not wait for Sanofi to initiate litigation—that litigation already exists.

Accordingly, for the reasons set forth above, the Court declines to entertain this declaratory judgment action. *See Glitsch, Inc.,* 216 F.3d 1382; *Antonaccio v. Bd. of Educ. of Arlington,* 281 F.Supp.2d 710, 723 (S.D.N.Y.2003); *Gianni,* No. 00 Civ. 0937, 2000 WL 1773511 at *5; *Great Amer. Ins. Co.,* 735 F.Supp. at 584–86. Defendants' motion to dismiss the complaint is granted.

SO ORDERED.